UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco Javier SANTOS–PINON,
Defendant–Appellant.

No. 97–10479.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 1998.*

Decided June 17, 1998.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

William Rothstein, Nogales, Arizona, for defendant-appellant.

Henry Z. Brown, Assistant United States Attorney, Tucson, Arizona, for plaintiff-appellee.

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

1. In *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court set out the two ways in which the Confrontation Clause operates to restrict the range of admissible hearsay. First, the clause establishes a rule

Before: HALL, THOMAS, Circuit Judges, and WHALEY,** District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellant Francisco Javier Santos–Pinon was convicted by a jury of conspiring to transport and harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v) and of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Before the trial, the parties took the videotaped depositions of material witnesses Juan Ricardo Lopez–Medina, Elijio Lopez–Lopez, and Pedro Manchaca–Arvizo. These witnesses were then deported.

During the trial, the government sought to introduce these depositions under 8 U.S.C. § 1324(d), which allows videotaped depositions of deported witnesses to be introduced into evidence. The defendant objected, arguing that the use of prior recorded testimony pursuant to 8 U.S.C. § 1324(d) violates the Confrontation Clause of the Sixth Amendment. The district court denied this objection.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Santos–Pinon argues that the admission of videotaped depositions under 8 U.S.C. § 1324(d) violated his rights by allowing the prosecution to introduce videotaped witness testimony at trial without first establishing the unavailability of those witnesses.[1] Section 1324(d) reads:

Notwithstanding any provision of the Federal Rules of Evidence, the videotaped (or otherwise audiovisually preserved) deposi-

of necessity: "the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Id.* at 65, 100 S.Ct. 2531. Second, the clause establishes a rule of reliability: the declarant's statement "is admissible only if it bears adequate 'indicia of reliability.'" *Id.* at 66, 100 S.Ct. 2531.

tion of a witness to a violation of subsection (a) of this section who has been deported or otherwise expelled from the United States, or is otherwise unable to testify, may be admitted into evidence in an action brought for that violation if the witness was available for cross examination and the deposition otherwise complies with the Federal Rules of Evidence.

■ In *Ohio v. Roberts*, 448 U.S. at 74, 100 S.Ct. 2531, the Supreme Court noted that "[t]he basic litmus of Sixth Amendment unavailability is established: '[A] witness is not "unavailable" for purposes of the ... exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial."' (quoting *Barber v. Page*, 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)). The Supreme Court also noted that "[a] demonstration of unavailability, however, is not always required." *Id.* at 65 n. 7, 100 S.Ct. 2531. "The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." *Id.* at 74, 100 S.Ct. 2531 (citation omitted). In particular, "[t]he law does not require the doing of a futile act. Thus, if no possibility of procuring the witness exists (as, for example, the witness' intervening death), 'good faith' demands nothing of the prosecution." *Id.*

■ Insofar as Santos–Pinon argues that § 1324(d) is unconstitutional on its face because it does away with the "good faith efforts" standard of establishing unavailability, his argument fails. Section 1324(d) simply allows the introduction of videotaped testimony "notwithstanding any provision of the Federal Rules of Evidence." The statute says nothing about abrogating the constitutional requirement of establishing unavailability. Because the statute easily can be read to comport with the Constitution, Santos–Pinon's facial attack should be rejected.

*See United States v. Santa Maria,* 15 F.3d 879, 881–82 (9th Cir.1994) (stating that "it is clear that we must construe statutes to be constitutional, if possible, and that 'no Act of Congress can authorize a violation of the Constitution' ") (quoting *Almeida–Sanchez v. United States,* 413 U.S. 266, 272, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973)).[2]

■ Thus, demonstrating unavailability through good faith efforts to procure witnesses is still required after § 1324(d). In this case, it is not clear whether the witnesses, once they were deported to Mexico, became unavailable for trial. However, Santos–Pinon does not contend on appeal that the witnesses were in fact available for trial or that the prosecution failed to make good faith efforts to locate them. We will not supply an argument for overruling the district court where none has been made. *See Officers for Justice v. Civil Serv. Com'n,* 979 F.2d 721, 726 (9th Cir.1992) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (citation omitted).

■ While Santos–Pinon does not contend that the prosecution violated his rights because the witnesses were not shown to be unavailable for trial, he does contend that the prosecution violated his rights by *rendering* the witnesses unavailable through deportation. However, he waived this argument by failing to object to the release of the witnesses to the INS. District of Arizona General Order 263 clearly provides for the opportunity to object and also provides that witnesses shall be released and deported absent an objection. *See* Dist. Ariz. Gen. Order 263, at ¶ 6.[3] Allowing Santos–Pinon to preserve his objection to the release of the witnesses until after they are released would place the government in the impossible position of being faced with an objection once it is too late to take any necessary corrective

---

2. In fact, this Circuit has previously approved-actually mandated-videotaping under this statute, although it did not expressly hold that the statute was constitutional. *See Torres–Ruiz v. U.S. Dist. Court for S.D. of Cal.,* 120 F.3d 933 (9th Cir. 1997) (mandating the use of videotaped depositions under § 1324(d) where material witnesses were being detained causing extreme hardship to their families in Mexico).

3. Santos–Pinon does not argue that he was unaware that the witnesses were to be released after the videotaped depositions. Indeed, the record reflects that all parties were made aware that the witnesses were to be released to the I.N.S. and returned to the country of their origin.

action. *Cf.* Fed.R.Evid. 103(a) advisory committee's note (objections to the introduction of evidence must be timely and specific "so as to alert [the judge] to the proper course of action and enable opposing counsel to take proper corrective measures"); Fed. R.Crim.P. 15(f) ("Objections to deposition testimony or evidence or parts thereof and the grounds for the objection shall be stated at the time of the taking of the deposition.").[4] In addition, if the government were forced to hold witnesses to avoid a possible future objection, this action would not only contravene General Order 263, it would also contravene this court's own mandate to release witnesses, even those who will return to a foreign country, absent a showing of "failure of justice." *See Torres–Ruiz,* 120 F.3d at 935 (citation omitted).

Thus, Santos–Pinon waived his objection to the release of the witnesses.

AFFIRMED.

---

4. While this Court has held that the failure to make a Confrontation Clause objection during trial would not preclude appellate review, *see United States v. Nazemian,* 948 F.2d 522, 525 (9th Cir.1991) (noting that "we have held repeatedly under the plain error doctrine that a contention that the government failed to comply with the confrontation clause involves substantial rights and thus must be reviewed even in the absence of a timely objection"), the failure to object in this case occurred before Santos–Pinon's Confrontation Clause rights were implicated. *See United States v. Drogoul,* 1 F.3d 1546, 1554 (11th Cir.1993) ("Only when deposition testimony is sought to be introduced in evidence are the defendant's confrontation rights truly implicated. Before then the process is simply one of preserving testimony for *possible* subsequent use.") (emphasis in original).