# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2211NE

_____

United States of America,          *
                                   *
            Appellee,              *      Appeal from the United States
                                   *      District Court for the District
      v.                           *      of Nebraska.
                                   *
Jose Angel Perez-Sosa,             *
                                   *
            Appellant.             *

_____

Submitted: October 23, 1998
Filed: October 28, 1998

_____

Before FAGG, ROSS, and BEAM, Circuit Judges.

_____

FAGG, Circuit Judge.

Jose Angel Perez-Sosa appeals his convictions for transporting illegal aliens, see 8 U.S.C. § 1324(a)(1)(A)(ii) (1994), and conspiring to transport illegal aliens, see 18 U.S.C. § 371 (1994). We affirm.

A Nebraska state trooper parked next to an exit ramp on Interstate 80 heard a radio report of an anonymous cellular telephone tip. According to the tipster, two white vans carrying a large number of people were speeding and driving erratically on Interstate 80. One van had Nevada license plates and the other had Arizona plates. Less than a minute later, two white vans with Nevada and Arizona plates drove past

the trooper and exited on the ramp, one behind the other.  The trooper pulled out, followed the second van down the ramp, and activated his patrol car's flashing lights, but the vans did not pull over.  The vans proceeded to the end of the ramp and stopped at the stop sign.  There was an outlet mall to the north and a truck stop to the south.  The trooper turned on his public address system and directed the vans to pull over in the nearby truck stop.  The driver of the second van hesitated, slowly turned the van towards the truck stop, and stopped at the entrance.  The driver of the first van turned into the truck stop and went directly to the gas pumps, however.  Perez-Sosa, the first van's driver, got out of his vehicle and started to pump gasoline into the van.

The trooper stopped behind the first van, got out of his car, and approached Perez-Sosa.  The trooper did not draw his weapon or touch Perez-Sosa, but requested his driver's license, vehicle registration, and insurance card.  The trooper looked inside the driver's side window, which was rolled down, and saw six to eight Hispanic men.  The trooper asked Perez-Sosa where he was going and where his passengers were from.  When Perez-Sosa stated his passengers were from Mexico, the trooper stuck his head in the van's window and asked the passengers whether anyone spoke English.  Receiving no answer, he asked several times whether they were from Mexico and finally received an affirmative response.  The trooper then asked the passengers for identification and received a variety of documents.  Identification cards produced by three different passengers had been issued at the same time, two days earlier, in Arizona, and the cards stated they were not official identification.  The trooper suspected Perez-Sosa was transporting illegal aliens and arrested him.

On appeal, Perez-Sosa first contends the district court erroneously denied his motion to suppress evidence because the trooper lacked reasonable suspicion to seize him and his vehicle and probable cause to arrest him.  We conclude the district court properly denied the motion to suppress.

Although the Fourth Amendment prevents police from seizing a person without a reasonable suspicion of criminal activity, the Amendment is not triggered by a consensual encounter between an officer and a private citizen. See United States v. Hathcock, 103 F.3d 715, 718 (8th Cir.), cert. denied, 117 S. Ct. 2528 (1997). A consensual encounter becomes a seizure when a reasonable person in the same circumstances would not feel free to leave. See id. "Circumstances that might indicate . . . a seizure include 'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the . . . citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" Id. at 718-19 (quoting United States v. White, 81 F.3d 775, 779 (8th Cir. 1996)).

Based on Perez-Sosa's behavior, the district court found Perez-Sosa did not stop because the trooper activated his car's flashing red lights, but either ignored the trooper or did not see him. This finding is not clearly erroneous. See id. at 718. The vans had exited the interstate before the trooper tried to stop them, the second van was between Perez-Sosa and the trooper, and Perez-Sosa drove directly to the gas stations pumps to refuel rather than pulling over like the second van. Although the trooper sought to stop Perez-Sosa through a show of authority, the trooper did not succeed, and Perez-Sosa was stopped by a different means--his own decision to refuel. See Brower v. Inyo County, 489 U.S. 593, 597 (1989). Thus, the encounter at the gas pumps was a consensual one rather than a seizure involving the Fourth Amendment, see id.; United States v. Pajari, 715 F.2d 1378, 1380-81 (8th Cir. 1983), and the trooper needed no reasonable suspicion of criminal activity, see Hathcock, 103 F.3d at 719.

Likewise, Perez-Sosa was not seized when the trooper approached the van, asked to see identification, and posed a few questions. There is no seizure when a police officer approaches an individual and asks questions or requests identification, as long as the officer does not convey that compliance is required. See United States v. Delaney, 52 F.3d 182, 186 (8th Cir. 1995). In this case, the trooper gave Perez-

Sosa no reason to believe he was not free to decline the trooper's request or otherwise end the encounter.  See id.

The trooper's observations following the initial contact quickly gave the trooper probable cause to arrest Perez-Sosa for transporting illegal aliens.  Perez-Sosa stated his passengers were from Mexico, the passengers spoke no English, they had no resident alien cards, green cards, or passports, and three of the passengers possessed unofficial identification cards issued two days before in Arizona.  See United States v. Salinas-Calderon, 728 F.2d 1298, 1301 (10th Cir. 1984); see also United States v. One 1982 Chevrolet Crew-Cab Truck, 810 F.2d 178, 181 (8th Cir. 1987).

Perez-Sosa also contends his right to confront witnesses against him was violated when the district court admitted the videotaped deposition testimony of a government witness, one of the passengers in Perez-Sosa's van, over Perez-Sosa's objection at trial. We conclude admission of the deposition was proper.  The videotaped deposition of a witness to the transporting of illegal aliens "who has been deported or otherwise expelled from the United States . . . may be admitted into evidence in an action brought for [transporting illegal aliens] if the witness was available for cross-examination and the deposition otherwise complies with the Federal Rules of Evidence." 8 U.S.C.A. § 1324(d) (West Supp. 1998).  Perez-Sosa concedes he was present at the deposition and the witness was subject to cross-examination, but contends the government failed to show the witness was unavailable at trial.  See United States v. Santos-Pinon, 146 F.3d 734, 736 (9th Cir. 1998) (government must establish unavailability of witness before submitting deposition testimony under § 1324(d)).  At Perez-Sosa's trial, the government showed the witness had already been deported to Mexico and the Mexican authorities would not extradite an individual based on a material witness warrant. Under these circumstances, we conclude use of the deposition testimony did not violate the Confrontation Clause.  See United States v. Terrazas-Montano, 747 F.2d 467, 469 (8th Cir. 1984).  The witness was unavailable and it would have been futile to require

the government to show it could not procure the witness's attendance.  See id.; Ohio v. Roberts, 448 U.S. 56, 74 (1980).

Accordingly, we affirm Perez-Sosa's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.