# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3995

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Collin Wayne Smith, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2000

Filed: March 23, 2000

_____

Before MORRIS SHEPPARD ARNOLD and FAGG, Circuit Judges, and BENNETT,[*]
District Judge.

_____

PER CURIAM.

An officer observed Collin Wayne Smith's car parked behind another car on the side of the interstate. Concerned the vehicles might be broken down, the officer stopped behind Smith to offer assistance. As the officer got out of his patrol car, the driver of the first vehicle, Smith's brother, walked toward the officer, volunteered that he was with the Border Patrol, assured the officer that everything was fine, and then

_____

[*]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

backed away. When the officer asked both men for identification, Smith, who had remained seated in his vehicle, handed his driver's license to the officer without comment. A check of Smith's license revealed an outstanding arrest warrant. During a search of Smith's car following his arrest and a later inventory search, police discovered a number of firearms and almost five pounds of marijuana. A jury convicted Smith of possession with the intent to distribute marijuana, possession of a firearm in relation to drug trafficking, and multiple counts of being a felon in possession of a firearm. Smith received a 322 month sentence and now appeals.

Smith first contends the district court should have granted his motion to suppress all evidence obtained from the search of his car because the production of his license (the act which led to his arrest) was the fruit of an illegal seizure. Having carefully reviewed the record, we agree with the district court's conclusions that:

> [the officer] made no seizure of the individuals by arbitrarily and without any just cause stopping them. They were stopped, and [the officer] joined them to see if he could help. He asked to see their driver's licenses, which he had the right to do. [Smith] . . . complied with that request, and there is no coercion, that I can see. I don't think we can find coercion from the mere fact that [the officer's] vehicle was parked behind [Smith's car]. I'm not sure the record shows that [the officer] was parked behind them so closely that . . . [Smith] couldn't have exited the car from the situation, but even if he was, there was no showing that that was done for the purpose of depriving [Smith] of any freedom of movement. [Smith] voluntarily gave [the officer] his driver's license. There is no evidence of coercion. His license . . . showed that he was wanted for . . . a parole violation . . . ., and everything that followed was valid.

See United States v. Dockter, 58 F.3d 1284, 1286-87 (8th Cir. 1995) (officer did not seize driver by pulling in behind parked car because officer did not prevent driver from leaving); United States v. Perez-Sosa, 164 F.3d 1082, 1084 (8th Cir. 1998) (no seizure

of individual when officer approaches and "requests identification, as long as the officer does not convey that compliance is required"), cert. denied, 525 U.S. 1186 (1999).

Smith next contends the evidence was insufficient for the jury to conclude Smith knowingly possessed marijuana with the intent to distribute it. We disagree. Police discovered the marijuana in a wicker suitcase in the trunk of Smith's car, along with scales, a loaded semiautomatic weapon, and men's and women's clothing. Smith told his brother that he was driving to Minneapolis "to do some business," that they "stood to make some good money," and that he anticipated making anywhere from "nine to a thousand a pound" for a total of $5000 on the trip. Additionally, Smith's brother and Smith's passenger both testified that Smith borrowed the car he was driving at the time of his arrest and both denied helping pack the car. Based on this evidence, a reasonably minded jury could have found Smith knowingly possessed marijuana with the intent to distribute it. See United States v. Ojeda, 23 F.3d 1473, 1475-76 (8th Cir. 1994).

Finally, we reject Smith's meritless contention that the district court improperly enhanced his sentence as an armed career criminal under 18 U.S.C. § 924(e) (1994). The armed career criminal enhancement applies when a defendant has at least three previous convictions for violent felonies, which are defined as crimes "punishable by imprisonment for a term exceeding one year . . . that . . . ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . [are] burglar[ies] . . . or otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B); accord United States v. Sumlin, 147 F.3d 763, 764-65 (8th Cir. 1998). In this case, Smith's convictions for burglary in 1978 and 1981 and for battery with serious bodily injury/assault with a deadly weapon in 1989 are sufficient to support the application of the enhancement.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.