# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3493

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Anthony Byers, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2002

Filed: February 28, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Charged with being a felon in possession of a firearm, Anthony Byers filed a motion to suppress evidence. After an evidentiary hearing, a Magistrate Judge issued a report recommending that the motion be denied. Adopting the report and recommendation, the District Court[1] denied Byers's motion. Byers then entered a

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable John T. Maughmer, Chief Magistrate Judge, United States District Court for the Western District of Missouri.

conditional guilty plea and was sentenced. He now appeals the denial of his suppression motion. We affirm.

The Magistrate Judge's proposed findings of fact, adopted by the District Court, are as follows:

1.  On December 8, 2000, Officers Cooley and Hayes responded to an armed robbery call at 1409 Admiral. When they arrived at the location, Officers Choate and Lein had already contacted the robbery victim and ascertained that, according to the victim, the armed robbery suspect was in apartment 216. (Tr. 10, 4, 21) Officers Cooley and Hayes knocked on the door of apartment 216 and called "police." (Tr. 13-14) An individual later identified as the defendant opened the door a crack and peered outside. (Tr. 13-14, 21) Officer Hayes asked to see both his hands. Defendant Byers showed both his hands and then opened the door. (Tr. 13). Officer Hayes asked if the officers could come inside to talk about a robbery. (Tr. 14-15). The officers stepped inside the apartment (Tr. 14-15) At Officer Hayes' request, defendant Byers provided his identification. (Tr. 15). Officer Hayes provided the information to the police dispatcher for a computer check. The dispatcher responded that there was a city warrant for defendant Byers' arrest. (Tr. 5) Defendant Byers was arrested pursuant to the city warrant. (Tr. 5)

2.  Officer Hayes asked defendant Byers for consent to search the apartment. Defendant Byers agreed. (Tr. 17, 5, 19) Officer Hayes left the apartment to get the consent to search form from her vehicle and then returned to the apartment and provided the consent to search form to defendant Byers. (Tr. 17) As defendant Byers was signing the consent to search form, Officer Hayes observed three bullets behind the television (Tr. 17, 19) During the course

of the search a handgun was found underneath a bathroom counter.  (Tr. 5)

Report & Recommendation at 2 (filed May 9, 2001).

Having considered the briefs and record, we conclude that all of these findings are supported by evidence given at the hearing on the suppression motion and are therefore not clearly erroneous.  From these findings, it is apparent that police contact with Byers was justified by a reported armed robbery at 1409 Admiral and the victim's statement that the robber was in apartment 216; that police entry into the apartment was with Byers's consent; and that after Byers had been arrested pursuant to a city warrant, he voluntarily gave his consent for a search of the apartment.  Accordingly, Byers's arguments for reversal are unavailing, including the argument that because the police were aware of inconsistencies in the victim's story about the armed robbery they lacked a reasonable, articulable basis for suspecting that Byers had engaged in any criminal activity.  The victim's report, which the victim did not recant until sometime after the officers already had arrested Byers, provided an ample basis for an objectively reasonable suspicion that the occupant of apartment 216 had engaged in criminal activity, even though the officers may have been aware there were inconsistencies in the victim's story.  In any event, inasmuch as the encounter was consensual, there was no seizure of Byers for Fourth Amendment purposes until he was arrested on the city warrant, and therefore it is not necessary to justify the encounter by establishing a reasonable suspicion on the part of the officers.  See United States v. Perez-Sosa, 164 F.3d 1082, 1084 (8th Cir. 1998) ("Although the Fourth Amendment prevents police from seizing a person without a reasonable suspicion of criminal activity, the Amendment is not triggered by a consensual encounter between an officer and a private citizen."), cert. denied, 525 U.S. 1186 (1999).

-3-

There being no clearly erroneous findings of fact and no error of law, the order of the District Court is AFFIRMED.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.