**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Angelica LOPEZ, Defendant–Appellant.**

No. 05–50415.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2006.

Filed May 30, 2007.

Jason A. Forge, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., FDSD—Federal Defenders of San Diego, Inc. San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ,* District Judge.

MEMORANDUM **

After reversing defendant's conviction on the "brings to" count, 8 U.S.C. § 1324(a)(2)(B)(ii), the en banc court remanded to this panel defendant's *Miranda* and Confrontation Clause claims insofar as they relate to her conviction on the transportation offenses, 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(II). *See United*

States v. Lopez, 484 F.3d 1186, 1201–02 (9th Cir.2007) (en banc).

1. Because defendant did not raise her confrontation claim at trial, we review for plain error. On this record, we cannot conclude that the government's efforts to obtain the witness's presence were so deficient as to render any error "plain." *See United States v. Santos–Pinon,* 146 F.3d 734, 736 (9th Cir.1998) (noting that the government need only make a good faith effort to obtain the witness's presence); *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (noting that an error must be "plain" to satisfy the requirements of plain error review).

2. "Waiver [of *Miranda* rights] can be clearly inferred from the actions and words of the persons interrogated." *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). Although Agent Huber arguably gave inconsistent accounts of defendant's interrogation, there is no indication that defendant's waiver was the result of "coercion or improper inducement." *United States v. Doe,* 155 F.3d 1070, 1074 (9th Cir.1998). On this record, we cannot conclude that the waiver was involuntary. Nor can we conclude that the district court clearly erred in finding that defendant waived her *Miranda* rights knowingly and intelligently. *United States v. Labrada–Bustamante,* 428 F.3d 1252, 1259 (9th Cir.2005).

**AFFIRMED.**

---

* The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.