MEMORANDUM *
After a jury trial, the district court entered judgment and sentenced Marcos Soto-Mendoza on five counts of bringing illegal aliens into the United States for profit. Soto-Mendoza appeals from his judgment of conviction, raising several different claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
The district court did not err in refusing to order a new trial. On Count I, the jury responded to a special interrogatory by finding the government had not proven beyond a reasonable doubt that Soto-Mendoza acted for financial gain or commercial advantage. Even assuming there was an inconsistency between this finding on Count I and the jury’s convictions on Counts II-VI, a defendant cannot attack a conviction based on an inconsistent acquittal on another count. See, e.g., United States v. Powell, 469 U.S. 57, 60, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).
As to Counts II-VI, the trial evidence was sufficient to establish that Soto- *694 Mendoza acted for financial gain or commercial advantage. The evidence showed the aliens arranged to pay a third-party for their passage, this third-party supplied Soto-Mendoza as them guide, and Soto-Mendoza referred to guiding the aliens as “his job.” We have repeatedly upheld convictions for the same offense on similar evidence. See, e.g., United States v. Schemenauer, 394 F.3d 746, 751 (9th Cir.2005); United States v. Yoshida, 303 F.3d 1145, 1152 (9th Cir.2002).
The district court did not err in admitting videotaped witness depositions because the witnesses were unavailable to testify. Where an illegal alien is detained for the purposes of providing material testimony, upon the alien’s motion, the gov- ' ernment must depose and release the alien unless-a “failure of justice” would ensue. See Torres-Ruiz v. U.S. Dist. Court for the S. Dist. of California, 120 F.3d 933, 935 (9th Cir.1997) (citing Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir.1992)); see also 18 U.S.C. § 3144. The government deposed and released the witnesses upon their own motion. After the witnesses returned to Mexico, the confrontation clause required that the government make a good-faith effort to produce the witnesses at trial. See United States v. Matus-Zayas, 655 F.3d 1092, 1101 (9th Cir.2011). The government made such an effort by communicating with the witnesses’ counsel, sending both witnesses letters requesting their presence at trial, and offering to pay for their transportation back to the United States.
Nor did the district court abuse its discretion in admitting a border agent’s hearsay testimony that one of the unavailable witnesses identified Soto-Mendoza as the group’s guide. This testimony was admissible as an excited utterance. See Fed.R.Evid. 803(2). In any event, the hearsay testimony could not have prejudiced Soto-Mendoza because the jury heard direct testimony from the witness identifying Soto-Mendoza as the guide.
The district court did not err by denying Soto-Mendoza’s motion for a mistrial due to two alleged Brady violations. First, Soto-Mendoza does not explain how his cross-examination of the two material witnesses would have been altered by additional evidence about the government’s chain of custody of a cell phone recovered at the scene. Defense counsel had the opportunity to cross-examine the witnesses about their testimony that they had seen Soto-Mendoza use a cell phone. Nor has Soto-Mendoza shown that he was prejudiced by the absence of this chain-of-custody evidence. The cell phone’s immateriality to Soto-Mendoza’s defense also disposes of his related argument that this chain-of-custody evidence was necessary for him to present a complete defense at trial.
We also reject Soto-Mendoza’s argument that the government committed a Brady violation by failing to produce pre-deposition interview notes because he has not identified how information from the notes would have been helpful to him in cross-examining the material witnesses. See Martinez-Serrano v. I.N.S., 94 F.3d 1256,1259 (9th Cir.1996) (“Issues raised in a brief that are not supported by argument are deemed abandoned.”).
The district court did not abuse its discretion by excusing a juror to accommodate the juror’s pre-existing international travel plans. See United States v. McFarland, 34 F.3d 1508, 1512 (9th Cir.1994).
Nor did the district court abuse its discretion by not granting a pre-trial motion for substitution of counsel. See Daniels v. Woodford, 428 F.3d 1181, 1197-98 (9th Cir.2005) (describing factors to consider when deciding motion to substitute *695 counsel). The district court held a hearing on the motion and correctly recognized that, given the timing of the motion, any substitution of counsel would have required a trial continuance. Also, during a hearing on the motion, Soto-Mendoza stated “it was a mistake” to request that counsel withdraw. Soto-Mendoza elaborated that he had “always cooperated” with counsel and would continue to do so in the future. Counsel described Soto-Mendoza as “pleasant and patient.”
As to sentencing, Soto-Mendoza challenges the district court’s application of a guideline enhancement for smuggling six or more aliens, committing a crime involving two deaths, and obstruction of justice. Soto-Mendoza had adequate, pre-trial notice of the need to defend against the government’s claim that he smuggled six or more aliens. Count I of the indictment charged Soto-Mendoza with conspiring to bring in and transport aliens “including but not limited to” five listed individuals. Further, the trial evidence, namely the material witness depositions, established that Soto-Mendoza smuggled six or more aliens.
Soto-Mendoza argues that the district court violated his Sixth Amendment rights by enhancing his sentence due to the deaths of two aliens where the jury acquitted him of causing these deaths in counts VII and VIII. We do not reach Soto-Mendoza’s constitutional claim because the jury did not actually acquit Soto-Mendoza of causing the deaths. The jury instructions listed each element of the crime. The jury did convict Soto-Mendoza of bringing the aliens into the United States. The parties stipulated that the aliens identified in Counts VII and VIII died in the desert and that the autopsies indicated they died of heat-related ailments. There was no clear jury finding regarding Soto-Mendoza’s involvement in the deaths and thus there is no basis for So'to-Mendoza’s Sixth Amendment claim based on inconsistency. Relatedly, the deposed witnesses’ testimony supported the judge’s finding that the aliens’ deaths resulted from Soto-Mendoza’s efforts to smuggle them across the border.
Soto-Mendoza cites United States v. Castro-Ponce, 770 F.3d 819 (9th Cir.2014), and argues that the district court erred by enhancing his sentence without making explicit findings on each element of obstruction of justice. The district, court must make such findings where the defendant objects to the enhancement. See, e,g., United States v. Dunnigan, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (“[/// a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a wiliful impediment to or obstruction of justice”) (emphasis added); accord United States v. Shannon, 137 F.3d 1112, 1119 (9th Cir.1998), overruled on other grounds by United States v. Heredia, 483 F.3d 913 (9th Cir.2007) (requiring findings as to all three elements of obstruction of justice “[a]fter [defendant] objected to the recommended sentence enhancement”). Castro-Ponce did not disturb our case law; the record in that case includes defendant’s objection to the enhancement. Soto-Mendoza did not object to the imposition of this enhancement at trial. Absent such an objection, the district court was not required to making explicit findings as to each element of obstruction of justice.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.