NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10126 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01500-JZ-EJM-1 |
| v. | |
| ARTURO GARCIA-CALDERON, AKA Arturo Calderon Garcia, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10128 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00777-JGZ-EJM-1 |
| v. | |
| ARTURO GARCIA-CALDERON, AKA Arturo Calderon Garcia, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 18, 2018[]
San Francisco, California

Before: M. SMITH and NGUYEN, Circuit Judges, and RESTANI,[***] Judge.

After a jury trial, Arturo Garcia-Calderon ("Garcia-Calderon") was convicted of the transportation of illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1).[1]  He challenges the admission of material witnesses' videotaped depositions at his trial on the ground that it violates the Confrontation Clause of the Sixth Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether the Confrontation Clause was violated.  United States v. Morales, 720 F.3d 1194, 1199 (9th Cir. 2013).

Notwithstanding the Sixth Amendment guarantee that an accused has the right to be confronted with the witnesses against him, 8 U.S.C. § 1324(d) authorizes the use at trial of the videotaped deposition of a witness to a § 1324(a) violation "who has been deported or otherwise expelled from the United States, . . .

---

[**]     This panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1] Garcia-Calderon was also convicted by the court of failing to appear before a court in violation of 18 U.S.C. § 3146(a)(1).  Because Garcia-Calderon's submissions do not raise an argument challenging this conviction, he has waived this issue.  See United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.").

if the witness was available for cross examination and [such a] deposition otherwise complies with the Federal Rules of Evidence." Admission of the deposition comports with the Confrontation Clause "where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." Crawford v. Washington, 541 U.S. 36, 59 (2004). A witness is considered unavailable for purposes of the Confrontation Clause if the government made a good-faith effort to produce the witness at trial. United States v. Santos-Pinon, 146 F.3d 734, 736 (9th Cir. 1998). The lengths to which the government must go to establish good faith is a question of reasonableness. Ohio v. Roberts, 448 U.S. 56, 74 (1980), abrogated on other grounds by Crawford, 541 U.S. 36.

The district court properly found the witnesses to be unavailable because the government made a good-faith effort to secure their presence at trial. The government communicated with the witnesses' counsel, and sent letters to the witnesses through their counsel informing them of the trial date, requesting their presence at trial, and offering to pay for their travel to the United States. We have previously found similar efforts to be sufficient. See United States v. Soto-Mendoza, 641 F. App'x 691, 694 (9th Cir. 2016) (finding that the government made good faith efforts by communicating with the witnesses' counsel, sending both witnesses letters requesting their presence at trial and offering to pay their transportation back to the United States).

3

Garcia-Calderon's argument that the prosecution failed to produce evidence to establish the witnesses' unavailability is similarly unavailing. The prosecution informed the court of its efforts to procure the witnesses, and the Supreme Court has permitted the use of these statements in determining a witness's unavailability. See Roberts, 448 U.S. at 75–76 (relying in part on prosecutor's statement to the court regarding his efforts to procure the witness). Garcia-Calderon did not argue on appeal that he did not have an opportunity to cross-examine the witnesses at the depositions. Therefore, the district court did not err in admitting at trial the videotaped witness depositions.

**AFFIRMED.**