**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10301 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 4:19-cr-02866-RCC-EJM-1 |
| | 4:19-cr-02866-RCC-EJM |
| ROGER EVERETT SMITH III, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted June 15, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Roger Everett Smith III appeals his convictions and sentence for transporting

aliens for profit. 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

1. We review de novo the district court's denial of a motion to acquit on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

grounds of insufficient evidence. *United States v. Sandoval-Gonzalez*, 642 F.3d 717, 727 (9th Cir. 2011). "We must determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quotations omitted).

A reasonable jury could have convicted Smith for transporting aliens for profit. The government presented sufficient evidence that Smith's passengers were aliens, including that they were Mexican citizens who lacked immigration status or permission to enter the United States. Contrary to Smith's argument on appeal, the government was not required to ask the passengers more direct questions about whether they were American citizens to prove that they were not.

A reasonable jury could also conclude that Smith had the requisite mens rea. The government was required to show that Smith knew, or recklessly disregarded, the fact that the aliens were in the United States illegally. 8 U.S.C. § 1324(a)(1)(A)(ii); *United States v. Rodriguez*, 880 F.3d 1151, 1158 (9th Cir. 2018). This required the government to show that Smith (1) "knew of facts which, if considered and weighed in a reasonable manner, indicate a substantial and unjustifiable risk that the alleged alien was in fact an alien and was in the United States unlawfully," and (2) "knew of that risk." *Rodriguez*, 880 F.3d at 1162 (emphases omitted).

Smith was instructed by a person he did not know near the border to transport four unknown individuals who did not know English. The directions he was given took him into a remote desert location. He then was instructed by an unknown caller to avoid a checkpoint and drive into New Mexico before returning to Phoenix, a long detour in the opposite direction, all for a promised payment of $3,400. A jury could conclude that these facts presented a "substantial and unjustifiable risk" that the passengers were aliens, and that Smith knew of this risk. *Id.*

2.    Smith next argues that the government violated the Confrontation Clause by removing the passengers to Mexico before trial, and that the district court should have granted a new trial for this reason. We "review claimed violations of the [C]onfrontation [C]lause *de novo*." *United States v. Orellana-Blanco*, 294 F.3d 1143, 1148 (9th Cir. 2002). The denial of a motion for a new trial is reviewed for abuse of discretion. *United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004).

Smith's arguments are unavailing. The videotaped depositions of Smith's passengers were admissible under 8 U.S.C. § 1324(d). Despite having the opportunity, Smith failed to object to the release of those witnesses and did not oppose the government's motion to do so. He cannot now complain about the government's release of those witnesses. *See United States v. Santos-Pinon*, 146 F.3d 734, 736 (9th Cir. 1998). Nor did the government fail to make "good faith efforts" to procure the witnesses' attendance at trial, *Rodriguez*, 880 F.3d at 1166,

3

because the government sent letters to the witnesses' attorney in English and Spanish requesting their presence at trial and offered to pay for their travel expenses.

3. We review for clear error the district court's denial of a two-level adjustment for acceptance of responsibility. *United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017); *see also* U.S. Sent'g Guidelines Manual § 3E1.1(a) (U.S. Sent'g Comm'n 2018). The district court's decision "is entitled to great deference on review because of the sentencing judge's unique position to evaluate a defendant's acceptance of responsibility." *Rodriguez*, 851 F.3d at 949 (quotations omitted).

The district court did not clearly err here. Smith's primary theory of the case, at trial and on appeal, has been that he lacked the necessary mens rea. The district court could conclude that this defense "was inconsistent with accepting responsibility." *United States v. Doe*, 778 F.3d 814, 827 (9th Cir. 2015); *see also United States v. Burrows*, 36 F.3d 875, 883 (9th Cir. 1994) ("The fact that [a defendant] freely admitted committing the *actus reus* of the crime does not change the fact that he maintained even after trial that he had a complete defense based on his purported lack of *mens rea*.").

**AFFIRMED.**

4