**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10032 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-02106-JAS-EJM-1 |
| v. | |
| EDUARDO SOLOMAN NAVARRO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted September 13, 2021
San Francisco, California

Before:  WALLACE, SCHROEDER, and FORREST, Circuit Judges.

Eduardo Navarro appeals from his jury conviction and sentence for

transportation of illegal aliens and conspiracy to transport illegal aliens.

The district court properly allowed the videotaped depositions of

undocumented immigrants.  The government sustained its burden to show that it

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

made good faith efforts to procure the witnesses, and they were nevertheless unavailable because they would not return to the United States. *See United States v. Santos-Pinon*, 146 F.3d 734, 736 (9th Cir. 1998).

The district court did not abuse its discretion in limiting the scope of Navarro's testimony concerning his prior head injury. The testimony would have had little probative value and was potentially prejudicial to the jury's understanding of the case. The district court's fleeting reference to Navarro's self-interest in testifying could not have materially influenced his decision not to testify. The court took steps to ensure Navarro understood his right to decide whether to testify on his own behalf, and to ensure that he had the opportunity to make the decision in consultation with his counsel so that the decision was knowing and voluntary. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999).

The prosecutor's reference to the lack of evidence on an issue raised in opening argument was not plain error. The comment did not relate directly to Navarro's failure to take the stand, as there was another witness who could have testified as to the same issue. Thus, it was by no means clear that Navarro's failure to testify was being called to the jury's attention. *See United States v. Mayans*, 17 F.3d 1174, 1185 (9th Cir. 1994).

Navarro claims the district court should have permitted the parties to present argument to the jury after the district court gave an aiding and abetting instruction in response to a jury question. The inability to give argument was not prejudicial, however, because Navarro has not explained how an argument on aiding and abetting would have materially differed from the argument he made with respect to his principle defense—that he was merely present at the scene of the crime. This case is therefore not similar to *United States v. Gaskins*, 849 F.2d 454 (9th Cir. 1988), on which Navarro relies. There, the jury was given both an aiding and abetting and a mere presence instruction after closing argument, and the defense had no opportunity to argue the mere presence defense. *Id.* at 457, 460.

Navarro claims sentencing error with respect to the reckless-endangerment enhancement the district court applied in connection with Navarro's shutting the door on the aliens in the trunk of the car. There is no basis for concluding the enhancement resulted in an increase in Navarro's sentence, however, even assuming any error. Remand is not required where the district court would have imposed the same sentence absent application of a single erroneous factor. *See United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010). The district court considered multiple factors that yielded a much more lenient sentence than the Guidelines recommended. The district court imposed a sentence of 36 months

3

probation where the advisory guideline range was 30–37 months imprisonment.

Remand for resentencing is not appropriate.

**AFFIRMED.**