# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41272
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO MARTIN MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-87-2

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Reynaldo Martin Martinez was convicted by a jury of a single count of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana. *See* 21 U.S.C. §§ 841 and 846. He was sentenced within the applicable guidelines range to 135 months of imprisonment and five years of supervised release. Martinez raises five issues on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*1. Sufficiency of the evidence*

Martinez contends that the evidence was insufficient to support his conspiracy conviction. As he moved for a judgment of acquittal at the close of the government's case and renewed that motion at the close of all the evidence, he preserved this issue for appeal. We review his challenge to the sufficiency of the evidence de novo. *See United States v. Burns,* 162 F.3d 840, 847 (5th Cir. 1998). We must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). To establish a conspiracy to distribute a controlled substance, the government must prove: "(1) the existence of an agreement between two or more persons to violate narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy." *United States v. Valdez,* 453 F.3d 252, 256-57 (5th Cir. 2006).

We conclude that a rational jury could have found that the essential elements of the conspiracy offense were established beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319. First, Martinez's co-defendant, Jesus Torres, testified that Martinez knew that marijuana would be placed in the trailer and that he would be paid $8,000 on delivery. *See United States v. Patino-Prado,* 533 F.3d 304, 309 (5th Cir. 2008). Other evidence, such as Martinez's nervousness and the inconsistent documentation he presented when stopped, further supports a finding that Martinez was aware that the marijuana was in his trailer and that he was a knowing and willing participant in the conspiracy. Finally, a defendant's guilty knowledge may be inferred when the amount of drugs, which here was valued at more than $2,000,000, is so large that it is not rational to believe that the drugs would be entrusted to a party who is not a

member of a drug conspiracy.  *See United States v. White,* 219 F.3d 442, 447-48 (5th Cir. 2000).

## 2.  *Jury misconduct*

Martinez next asserts that the district court should have granted his motion for a mistrial because the jury engaged in misconduct that potentially prejudiced him.  "Judges have broad discretion to deal with possible jury misconduct."  *United State v. York,* 600 F.3d 347, 356 (5th Cir. 2010).  This discretion is at its widest when evaluating claims of internal jury misconduct.  *See id.*  We review the denial of a motion for a mistrial based on jury misconduct for abuse of discretion.  *Id.* at 355.

Prior to the close of all the evidence, the district court learned that members of the jury might have engaged in premature deliberations by discussing the evidence they had heard.  With counsel present, the district court interviewed each juror individually; in addition, the attorneys were allowed to ask any questions they thought appropriate.  During these interviews, the district court also learned that Juror #1 had discussed his experiences as a truck driver in the 1960s, particularly in regard to the logbooks kept by drivers.

In light of the limited nature of the jurors' premature discussions of the evidence, which most of the jurors described as attempts to clarify what they had heard, as well as the statements from the jurors that they had not discussed the merits of the case or reached any decision, Martinez has not shown that the district court abused its broad discretion by denying his motion for a mistrial.  *See York,* 600 F.3d at 356.

When a jury has been exposed to extraneous information, a defendant "is entitled to a new trial unless there is no reasonable possibility that the jury's verdict was influenced by the material that improperly came before it."

No. 12-41272

*United States v. Ortiz,* 942 F.2d 903, 913 (5th Cir. 1991) (internal quotation marks and citation omitted). Although a district court may investigate whether extraneous evidence has been presented to the jury, it may not inquire into the effect of such evidence on the mind of the jurors. *See United States v. Ruggiero,* 56 F.3d 647, 652 (5th Cir. 1995) (discussing Federal Rule of Evidence 606(b)(2)(A)). Instead, the court should examine "the content of the extrinsic material, the manner in which it came to the jury's attention, and the weight of the evidence against the defendant." *Id.* (internal quotation marks and citation omitted).

Juror #1 specifically denied telling other jurors that there was anything "wrong" with Martinez's logbook and, with one exception, the other jurors agreed. The district court excused Juror #1 and admonished the jury that they should disregard anything he might have said about driving trucks or keeping a logbook. The court also reminded the jury that they should only consider the evidence presented during the trial. Finally, as discussed above, the weight of the other evidence supported Martinez's guilt. The district court did not abuse its discretion by denying a mistrial because there is no reasonable possibility that the extraneous information provided by Juror #1 influenced the verdict. *See Ortiz,* 942 F.2d at 913.

*3. Enhancement for obstruction of justice*

Martinez objected to the imposition of a two-level enhancement for obstruction of justice, which was based on a finding that he had committed perjury at trial by denying any knowledge of the marijuana in the trailer. On appeal, Martinez complains that the district court failed to make the independent findings required to support the enhancement.

Section 3C1.1 of the Sentencing Guidelines provides for a two-level increase if "the defendant willfully obstructed or impeded, or attempted to

4

obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and such conduct relates to the defendant's offense of conviction. Committing perjury is one example of conduct to which the enhancement applies. § 3C1.1, comment. (n.4(B)). For purposes of § 3C1.1, a defendant commits perjury if he provides "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94 (1993). A defendant's objection to a sentence enhancement resulting from his trial testimony triggers a duty by the district court to "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same," under the definition of perjury. *United States v. Perez-Solis,* 709 F.3d 453, 469 (5th Cir. 2013). "A district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings, such as a finding of obstruction of justice, are reviewed for clear error." *United States v. Juarez-Duarte,* 513 F.3d 204, 208 (5th Cir. 2008). A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole." *Id.*

To the extent Martinez claims that the district court failed to make the required independent findings, he raised no objection that would have alerted the district court to this issue. Accordingly, any contention regarding the adequacy of the district court's reasons is reviewed for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we have as the discretion

to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Although the district court found that Martinez's testimony regarding his knowledge of the marijuana was not truthful, it made no specific findings as to whether his false testimony was material or willful. Therefore, the district court committed an error that was plain. *See Puckett,* 556 U.S. at 135. However, for the reasons discussed below, the record demonstrates that Martinez's testimony was false, material, and willful. *See Perez-Solis,* 709 F.3d at 469. Therefore, Martinez cannot show that the district court's failure to make factual findings regarding materiality and willfulness affected his substantial rights or that a failure to correct this error would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings. *See Puckett,* 556 U.S. at 135.

Martinez's denial of knowledge of the presence of marijuana in the trailer was squarely contradicted by the earlier testimony of Torres. In addition, Martinez's denial was undercut by circumstantial evidence of his guilty knowledge, such as his nervousness and his attempts to conceal the nature of his cargo. *See United States v. Jones,* 185 F.3d 459, 464 (5th Cir. 1999). Therefore, the district court did not clearly err in finding that Martinez testified falsely. In addition, because Martinez's defense was that he was not a knowing participant in the conspiracy, his denial of knowledge of the presence of marijuana in the trailer clearly was material. Finally, because his denial was unequivocal and it occurred after the government already had presented evidence that Martinez did know of the marijuana, his testimony clearly was willful, rather than the result of confusion or mistake. Martinez has not shown that the district court clearly erred in applying the obstruction of justice enhancement.

*4. Reasonableness of sentence*

Martinez next contends that his within-guidelines 135-month sentence was unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). We review the reasonableness of the sentence imposed for an abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). A within-guidelines sentence is presumed to be reasonable. *See United States v. Brown,* 727 F.3d 329, 342 (5th Cir. 2013). To rebut that presumption, Martinez had to show that the sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors. *See id.* Martinez did not challenge the reasonableness of his sentence in the district court, so we review for plain error. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

As noted, Martinez's sentence of 135 months was within the calculated guidelines range of 120 to 135 months, and he concedes that it is presumptively reasonable. He nevertheless urges that a presumption of reasonableness gives too much weight to a single factor, the applicable guidelines range. His challenge to the presumption of reasonableness is foreclosed. *See Rita v. United States,* 551 U.S. 338, 347 (2007).

Martinez argues that the factors cited by the district court in explaining its choice of a sentence at the high end of the guidelines range were already taken into account by the Guidelines. After properly calculating the applicable guidelines range, a district court must consider the § 3553(a) factors when selecting the exact sentence. *See Gall,* 552 U.S. at 49-50. In the instant case, the district court cited the quantity of marijuana involved, Martinez's perjury at trial, his criminal history, and his history of alcohol abuse. The district court also stated that the sentence imposed would provide just punishment, promote

respect for the law, and deter future criminal violations.  All of these were appropriate factors for consideration under § 3553(a).  Martinez also argues that his sentence was unreasonable because the district court did not provide any significant and meaningful consideration of mitigation factors.  He does not, however, identify any such mitigating factors in his brief, and no such factors other than his minor role in the offense (for which he received an offense level reduction), were identified in the PSR or at sentencing.

Martinez has not shown that the sentence imposed failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors.  *See Brown,* 727 F.3d at 342.  He thus has not shown that the district court plainly erred.

*5. Imposition of a term of supervised release*

Martinez finally asserts that, because he is likely to be deported, the district court's imposition of a term of supervised release was procedurally and substantively unreasonable.  This contention is based on U.S.S.G. § 5D1.1(c), which states that a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  Martinez concedes that this issue is foreclosed by our decision in *United States v. Becerril-Pena,* 714 F.3d 347 (5th Cir. 2013), but he states he raises this issue to preserve it for further review.

Martinez was convicted of an offense involving more than 1,000 kilograms of marijuana, so his sentencing was governed by the provisions of § 841(b)(1)(A)(vii).  That subsection requires the imposition of a term of supervised release of "at least 5 years."  § 841(b)(1)(A).  By its own terms, the provisions of §5D1.1(c) do not apply when a term of supervised release is

required by statute.  *See* § 5D1.1(c).  The district court's imposition of a term of supervised release was not erroneous.

AFFIRMED.