GRABER, Circuit Judge,
concurring in part and dissenting in part:
With respect to the claim that the district court erred by enhancing Defendant’s sentence for obstruction of justice, I would affirm because Defendant has not satisfied the requirements of plain error review. In all other respects, I concur.
Defendant did not raise to the district court, and therefore did not preserve, his claim regarding the sentencing enhance *1177 ment for obstruction of justice. “We review unpreserved claims of procedural error at sentencing for plain error.” United States v. Quintero-Junco, 754 F.3d 746, 749 (9th Cir. 2014). Plain error review requires the defendant to show: (1) that there was an error; (2) that the error was plain; (3) that the error affected the defendant’s substantial rights; and (4) that the error “seriously affected the fairness, integrity, or public reputation of judicial proceedings.” United States v. Macias, 789 F.3d 1011, 1022 (9th Cir. 2015), cert. denied, — U.S. -, 136 S.Ct. 1168, 194 L.Ed.2d 190 (2016) (internal quotation marks omitted). Moreover, the defendant, not the government, “bears the burden of persuasion with respect to prejudice.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Defendant has failed to meet his burden to demonstrate prejudice.
To support the obstruction-of-justice enhancement, the district court was required to make express findings that “(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent.” United States v. Castro-Ponce, 770 F.3d 819, 822 (9th Cir. 2014) (internal quotation marks omitted). The district court erred by not making all three findings expressly, and the error was plain. But the analysis cannot stop there; those are only the first two of the four elements of reversible plain error.
In my view, the district court did find— albeit in colloquial terms — that Defendant had testified falsely and that he did so with willful intent. When applying the sentencing enhancement for obstruction of justice, the court stated that, although “the defendant has the right to testify, ... the defendant does not have a right to either attempt to mislead the court or to commit perjury or to obstruct the proceedings.” The court’s clear meaning was that Defendant did attempt to mislead the court, commit perjury, and obstruct the proceedings. And the court further commented that Defendant’s testimony “was — to put it kindly, tenuous at best”; that’s a polite way to say that he lied.
As to the third requirement, materiality, the court did not make a finding. But on this record there can be no doubt that Defendant’s willfully false testimony related to a material issue. Defendant repeatedly denied that the drug-filled backpack was in his possession and denied that he had brought the backpack onto the bus. Despite Defendant’s testimony, the jury found that the backpack was his. The false testimony went to the heart of the case.
The majority makes two mistakes, in my view. The first is to rely on precedent pertaining to an incorrect Guidelines calculation, Molina-Martinez v. United States, — U.S. -, 136 S.Ct. 1338, 194 L.Ed.2d 444 (2016). Maj. op. at 1175-76. This case is not about an incorrect calculation; it is about the applicability of ap enhancement that (like the underlying range) was correctly calculated.
The majority’s second mistake is its failure to analyze fully the third and fourth elements of plain error rejview. I agree with the majority that the length of the sentence imposed is not the proper measure and that the government’s argument in that regard is unpersuasive. Maj. op. at 1175-76. But we have an independent obligation to review the entire record to determine whether Defendant has met his burden to show prejudice. The majority’s failure to do so puts us at odds with at least one sister circuit. See United States v. Chibuko, 744 F.3d 259, 267 (2d Cir. 2014) (per curiam) (reviewing for plain error a district court’s erroneous failure to make the requisite findings to support an obstruction-of-justice sentencing enhancement and affirming on the ground that “the record as a whole” demonstrated that the lack of more detailed findings caused *1178 no prejudice).[1] There is no good reason to create a circuit split; our sister circuit’s holistic approach is consistent with our own precedent that we review for plain error an unpreserved claim of a procedural flaw at sentencing and that actual prejudice is required for a defendant to obtain a remand.
Although the majority purports to apply the plain-error framework, the practical effect of its holding is to require a remand in every case in which a district court applies the obstruction of justice enhancement but makes incomplete findings. The majority reasons generically that a defendant’s “substantial rights” to take the stand and testify “may be chilled” when the district court fails to make express factual findings of perjury and that this chilling effect calls into question the fairness and integrity of the proceedings. Maj. op. at 1174. That reasoning would apply automatically in every similar case and it abdicates our responsibility to examine actual prejudice, that is, to determine whether a particular failure to make a particular finding made any difference to the application of the enhancement to a particular defendant. The majority nowhere undertakes that required review.
Nor does Castro-Ponce, 770 F.3d at 821-22, support the majority’s reasoning or result. We did not review for plain error in that case, so it does not control. Instead — presumably because Castro-Ponce had objected below to the imposition of the obstruction enhancement — -we reviewed for clear error the findings that the district court made and reviewed de novo that court’s characterization of the defendant’s conduct as constituting obstruction of justice. Id[2] Unlike Defendant here, Castro-Ponce did not have to demonstrate prejudice. The majority’s wholesale importation of the Castro-Ponce discussion, without considering the plain error context in which the question arises here and without coming to grips with the requirement that Defendant show actual prejudice, eviscerates the plain error standard. In essentially every plain-error case, we depart from the standard of review otherwise employed when the defendant preserved the issue. By ignoring that distinction, the majority’s reasoning conflicts not only with the analysis applied by our sister circuit in identical circumstances, but also with our own plain-error precedents.
Because the district court found that Defendant’s testimony was willfully false, and because the record demonstrates that Defendant’s testimony was false, related to a material matter, and willful, he cannot satisfy his burden to show that the district court’s error — making incomplete findings' — was prejudicial. Accordingly, the third and fourth elements of reversible plain error are lacking. The error did not affect Defendant’s substantial rights, and the error did not seriously affect the fairness, integrity, or public reputation of the proceedings. I therefore dissent from the majority’s contrary holding.

. See also United States v. Martinez, 547 Fed.Appx. 559, 563 (5th Cir. 2013) (per curiam) (unpublished) (applying the same analysis and affirming on the ground that "the record demonstrate!)!] that [the defendant's] testimony was false, material, and willful”). But, pursuant to Fifth Circuit Rule 47.5, unpublished opinions issued after January 1, 1996, are not precedential except in limited circumstances that do not apply here.

. In fact, none of the cases cited by the majority at pages 1174-75reviewed for plain error; all reviewed for preserved error.