FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

INDALECIO CASTRO-PONCE,
*Defendant-Appellant*.

No. 13-10377

D.C. No.
2:12-cr-01363-SRB-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted
September 9, 2014—San Francisco, California

Filed October 24, 2014

Before: Stephen Reinhardt, Ronald M. Gould,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

### Criminal Law

The panel vacated a sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and remanded for resentencing.

The panel held that the enhancement was incorrectly applied because the district court, which expressly found that the defendant's testimony was false, did not explicitly find that the testimony was willful and material.

### COUNSEL

Lynn T. Hamilton (argued), Hamilton Law Office, Mesa, Arizona, for Defendant-Appellant.

Krissa M. Lanham (argued), Assistant United States Attorney; Mark S. Kokanovich, Deputy Appellate Chief; and John S. Leonardo, United States Attorney, District of Arizona, Phoenix, Arizona, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GOULD, Circuit Judge:

During his trial on charges of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and conspiracy to launder monetary instruments, appellant Indalecio Castro-Ponce ("Castro-Ponce") testified in his own defense. His testimony included elaborate explanations for his purportedly suspicious activities. Castro-Ponce was convicted of the possession and conspiracy to possess charges. At the sentencing hearing, the district court imposed enhancements for obstruction of justice and for Castro-Ponce's leadership role in the drug conspiracy. Castro-Ponce appeals the obstruction of justice enhancement.[1] We have jurisdiction under 28 U.S.C. § 1291. Because the district court did not make explicit findings that Castro-Ponce's false statements were willful and material, we vacate the enhancement and remand for re-sentencing.

**I**

The government's investigation into Castro-Ponce began in January 2012 when he was intercepted over a wiretap speaking with someone thought to be involved in narcotics trafficking. Pursuant to warrants, the government began wiretapping Castro-Ponce's phones, tracking his phones and car, and physically monitoring his movements over several months. The surveillance revealed that between February 1

---

[1] Castro-Ponce also appeals the sufficiency of the evidence underlying his conspiracy and possession convictions, and the propriety of his leadership role enhancement. We affirm the district court on those issues in a concurrently filed memorandum disposition.

and July 10, 2012, Castro-Ponce made at least eighteen trips to destinations often hundreds of miles from his home in Yuma County, Arizona, staying at his destinations for only minutes or hours before returning to Yuma County.

Based on what the government believed was coded language related to the drug trade in several of Castro-Ponce's recorded phone calls, as well as the discovery of methamphetamine and cash at two of the places to which he traveled shortly after he left those places, federal agents arrested Castro-Ponce in July 2012.

Castro-Ponce was indicted for four felony counts: one count of Conspiracy to Possess with Intent to Distribute more than 500 grams of Methamphetamine in violation of 21 U.S.C. § 846; two counts of Possession with Intent to Distribute more than 500 grams of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); and one count of Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h).

During the six-day jury trial, Castro-Ponce testified in his own defense. He gave explanations for each of the trips the government's evidence revealed—traveling to purchase a car on one occasion; shopping, or buying and selling auto parts or televisions on others—and testified that his brief stops were a result of car trouble or for other innocuous reasons. Castro-Ponce explained that his recorded conversations referred to paying his mortgage, the sale of motorcycle parts, or stolen alfalfa. The jury convicted Castro-Ponce of the conspiracy to possess count and of the two possession counts, but acquitted him of the conspiracy to launder money count. At the sentencing hearing, the district court found that Castro-Ponce "clearly lied on the stand with respect to the activities

that he testified about and the offer of innocent and not credible explanations for those activities." Deeming this false testimony obstruction of justice, the court imposed a two-level upward adjustment of Castro-Ponce's base offense level pursuant to U.S.S.G. § 3C1.1. His guidelines sentencing recommendation was then calculated to be life imprisonment, with a mandatory minimum of ten years. He was sentenced to 240 months imprisonment.

On appeal, Castro-Ponce challenges the propriety of the district court's imposition of the sentencing enhancement for obstruction of justice.

## II

A district court's factual findings for purposes of an obstruction of justice sentencing enhancement under U.S.S.G. § 3C1.1 are reviewed for clear error. *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008) (citing *United States v. Jimenez*, 300 F.3d 1102, 1170 (9th Cir. 2007)). The district court's characterization of a defendant's conduct as obstruction of justice within the meaning of § 3C1.1 is reviewed *de novo*. *United States v. Cordova Barajas*, 360 F.3d 1037, 1043 (9th Cir. 2004).

## III

A two-level increase in a crime's base offense level applies when a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice . . . ." U.S.S.G. § 3C1.1. For perjury to be deemed obstruction, the district court must find that: "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *Garro*, 517 F.3d at 1171. Here, the

district court expressly found that Castro-Ponce's testimony was false, but did not explicitly find that the testimony was willful or material, saying only that Castro-Ponce "clearly lied on the stand with respect to the activities that he testified about and the offer of innocent and not credible explanations for those activities." For that reason, we conclude that the sentencing enhancement was incorrectly applied, and so the sentence must be vacated.

In *United States v. Jimenez-Ortega*, 472 F.3d 1102 (9th Cir. 2007), we confronted a case in which the district court had characterized the defendant's testimony as "so incredible, in light of all of the evidence, that it was clear to the court that [he] intended to obstruct or impede justice with [his] version of the facts. [His] testimony was not the result of any confusion, mistake, or faulty memory, but an attempt to willfully obstruct justice." *Id.* at 1103. But because there was no finding on the issue of materiality, we vacated the enhancement. *Id.* at 1104.

In *Jimenez-Ortega*, resolving the tensions between two divergent doctrinal strands within our circuit, we held that it is necessary for the district court, rather than the reviewing court, to make a finding on the issue of materiality. *Id.* at 1103–04. We reasoned that in light of *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995), which held in the context of a prosecution for making false statements in a matter within the jurisdiction of a federal agency that the question of materiality is an issue to be decided by the trier of fact, district court decisions enhancing sentences for obstruction of justice must be remanded absent a materiality finding.

We follow *Jimenez-Ortega* today. Moreover, in light of the government's comment at oral argument that no case within our circuit has held that a finding of materiality must be express, we hold today that an express finding is required. To hold otherwise would eviscerate the rule announced in *Jimenez-Ortega*. Absent a requirement of express findings on all three prongs necessary for perjury to amount to obstruction of justice, we would have to speculate about the district court's legal conclusions on obstruction. Rather than engage in such speculation, we require the fact-finder to make those determinations explicitly for our review.

Our rule accords with that employed in some of our sister circuits. The Sixth Circuit has reasoned that presuming that the elements of perjury are satisfied in the absence of specific findings in the district court raises the risk of "undermining a criminal defendant's constitutional right to testify on his own behalf." *United States v. Kamper*, 748 F.3d 728, 747–48 (6th Cir. 2014) (concluding that a district court's finding that defendant had told an "'obvious lie'" under oath was insufficient to support obstruction enhancement and that factual findings concerning materiality and willfulness were needed). The Tenth Circuit also requires the district court to make findings on willfulness and materiality for an obstruction enhancement to be affirmed. *See United States v. Massey*, 48 F.3d 1560, 1573–74 (10th Cir. 1995) (reversing obstruction enhancement where district court had found that defendant's testimony was false, but did not identify the false testimony or make specific findings as to materiality and willfulness).

**IV**

Obstruction of justice is a serious charge, and requires serious proof. To enhance a guidelines sentencing range based on obstruction of justice, which often results in more time served in prison, a district court must make explicit findings that not only did the defendant give false testimony, but also that the falsehoods were willful and material to the criminal charges. We decline to adopt a more forgiving standard, which could have the unintended consequence of chilling a criminal defendant's willingness to take the stand and give testimony in his or her defense. To require explicit findings on elements needed for the obstruction of justice enhancement helps ensure reliability and reviewability of a sentencing decision. The sentencing enhancement for obstruction of justice was error on this record, and so the sentence is vacated. The case is remanded to the district court for further action not inconsistent with this opinion.

**VACATED and REMANDED.**