NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50111 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00329-PSG-3 |
| v. | |
| DENISE BROWNING, | MEMORANDUM[*] |
| Defendant-Appellant | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 4, 2015
Pasadena, California

Before:    KLEINFELD and NGUYEN, Circuit Judges, and CARR, Senior
District Judge.[**]

Defendant Denise Browning appeals her conviction and sentence for

willfully aiding or assisting in the filing of false tax returns, in violation of 26

U.S.C. § 7206(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior United States District Judge for the
Northern District of Ohio, sitting by designation.

3742(a). For the reasons stated below, we affirm the conviction, but vacate the sentence and remand for resentencing.

1.    Sufficient evidence supports Defendant's conviction. The evidence, viewed in the light most favorable to the government, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), demonstrates that Defendant willfully prepared false tax returns. For example, instead of reporting the actual amount of wages paid to employees, Defendant only reported the wage amount that matched the amount of taxes the company already paid.

In 2005, during an interview with an IRS agent, Defendant acknowledged that the wages she reported on the returns should match those reported on the employees' W-2s. Nevertheless, on a subsequent return, she again underreported the wages paid to employees. Defendant refused to sign the returns because she did not want to sign something under penalty of perjury that she knew was false. Further, the jury viewed email correspondence between Defendant and her boss in which Defendant asked if she should file certain returns "as is, totally legit."

Finally, at trial, Defendant admitted she knew the numbers she wrote on the returns were false. The jury, based on the evidence before it, reasonably rejected Defendant's good-faith defense that she relied on an IRS provision which she believed allowed her to file the false returns if she later amended them.

2

2.     As the government correctly concedes, in light of *United States v. Castro-Ponce*, 770 F.3d 819 (9th Cir. 2014), we must vacate and remand for resentencing. The district court imposed a two-level increase in Defendant's offense level pursuant to U.S.S.G. § 3C1.1 on the ground that Defendant committed perjury, but failed to explicitly make findings as to perjury's three elements. On remand, the district court must consider each element in deciding whether to impose the enhancement.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.