NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10388 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-01128-JMS-1 |
| v. | |
| UIKI TEAUPA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 8, 2015
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

Uiki Teaupa appeals the district court's denial of his motions to suppress

incriminating statements he made to law enforcement officers concerning his

involvement in illegal methamphetamine trafficking. He also appeals the district

court's application of a two-level sentencing enhancement for obstruction of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

justice. We affirm.

**1.** Teaupa argues that his self-incriminating statements on October 20, 2009, February 23, 2011, and July 13, 2012, were involuntary confessions and therefore inadmissible. Acknowledging that when he made these statements he was not "in custody" for the purposes of *Miranda v. Arizona*, 384 U.S. 436 (1966), he contends that his close personal relationship with one of the officers with whom he spoke, Edwin Buyten, and the lack of warning that his statements could be used against him in criminal proceedings rendered his statements involuntary. *See United States v. Preston*, 751 F.3d 1008, 1016 n.11 (9th Cir. 2014) (en banc) ("[T]he voluntariness standard applies to suspects not in custody."). We review de novo a district court's conclusion that a confession was voluntary but "consider the district court's factual account of what happened during the interrogation under the clearly erroneous test." *Id.* at 1020.

"Tak[ing] into consideration the totality of all the surrounding circumstances," *id.* at 1016 (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)), we conclude that the three statements were not involuntary confessions. Teaupa has not established that his statements were the products of coercion or psychological pressure. The district court found credible the officers' testimony that Teaupa voluntarily initiated conversations with them on October 20, 2009, and

2

February 23, 2011, and voluntarily agreed to join Buyten on July 13, 2012. And, the district court determined that Teaupa did not face a coercive environment when he made these statements; rather, it found that Teaupa was never restrained or handcuffed, and that the officers maintained a calm and friendly demeanor in the three meetings with Teaupa. The district court's findings and credibility determinations are supported by the record, and thus are not clearly erroneous.

Teaupa's reliance on *United States v. Walton*, 10 F.3d 1024 (3rd Cir. 1993), is misplaced. *Walton* held that the defendant's statement to an officer was involuntary not because of the defendant's personal relationship with the officer, but because of the "uniquely influential nature of a promise from a law enforcement official not to use a suspect's inculpatory statement." *Id.* at 1030. Here, however, nothing in the record indicates that Teaupa received any promise from Buyten that his statements would not be used against him. *Cf. Preston*, 751 F.3d at 1026 (noting that "false promises stand on a different footing" from other forms of permissible police deception). Although Teaupa contends on appeal that Buyten promised to help him in exchange for information, the only evidence so suggesting is Teaupa's testimony, which the district court found "contradictory, evasive, and generally not credible." Moreover, Teaupa testified that the alleged agreement was never confirmed in writing and he never did receive any assistance

3

or payment from the police officers. Indeed, in rejecting Teaupa's public authority defense at trial, the jury specifically found by a preponderance of the evidence that there was no such agreement.

In sum, the record does not support Teaupa's contention that his "will was overborne at the time he confessed." *United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (en banc) (internal quotation marks omitted). Consequently, the district court did not err in denying Teaupa's motions to suppress.

**2.** The district court concluded that the evidence as to Teaupa's command of English supported a finding that he waived his *Miranda* rights voluntarily, knowingly, and intelligently before making his post-arrest November 2, 2012 statement. The district court also found not credible Teaupa's testimony that he faced a coercive atmosphere, instead finding that there was no evidence that the officers made any threats or promises to Teaupa after his arrest. The record contains significant evidence supporting the district court's findings. Teaupa has not shown that these findings are clearly erroneous. *See United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007).

**3.** Finally, Teaupa challenges the district court's application of a two-level sentencing enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. "A district court's factual findings for purposes of an obstruction of justice

4

sentencing enhancement under U.S.S.G. § 3C1.1 are reviewed for clear error." *United States v. Castro-Ponce*, 770 F.3d 819, 821 (9th Cir. 2014).

The district court found that Teaupa provided perjured testimony at the second suppression hearing and at trial concerning his alleged agreement to cooperate with law enforcement. "For perjury to be deemed obstruction [under § 3C1.1], the district court must find that: (1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *Id.* at 822 (internal quotation marks omitted).

The district court here made the required "express findings on all three prongs necessary for perjury to amount to obstruction of justice." *Id.* These findings are not clear error. Although Teaupa contends that he reasonably believed that he had an agreement to provide information to law enforcement in exchange for payment and legal assistance, the district court, like the jury, was entitled to disbelieve Teaupa's testimony and evidence. The prosecution introduced significant evidence suggesting that there was no such agreement; the defense's evidence consisted largely of Teaupa's testimony, which suffered from various credibility defects. Therefore, the district court's application of the § 3C1.1 enhancement was not improper.

**AFFIRMED.**