SILVERMAN, Circuit Judge,
dissenting in part:
This is what we said in U.S. v. Castro-Ponce, 770 F.3d 819, 822 (9th Cir,2014):
*696 We follow Jimenez-Ortega today. In light of the government’s comment at oral argument that no case within our circuit has held that a finding of materiality must be express, we hold today that an express finding is required. To hold otherwise would eviscerate the rule announced in Jimenez-Ortega. Absent a requirement of express findings on all three prongs necessary for a perjury to amount to obstruction of justice, we would have to speculate about the district court’s legal conclusion on obstruction. Rather than engage in such speculation, we require the fact-finder to make those determinations explicitly for our review.
Whatever one thinks of the correctness of that opinion, no one can doubt its clarity. In fact, it couldn’t be clearer: An express finding of materiality is required if the district court is going to apply an obstruction of justice enhancement based on perjury.
In fairness to the able district judge, it must be noted that Castro-Ponce was not decided until about six months after the sentencing in this case occurred. However, it also must be noted that the case relied on by the Castro-Ponce court, U.S. v. Jimenez-Ortega, 472 F.3d 1102 (9th Cir.2007), had been on the books for several years. Jimenez-Ortega held: “[T]he materiality of a false statement is one of the predicates of an obstruction enhancement, and we must remand where the district court failed to make a finding on this point.” Id. at 1103-4.
The two key facts of our case are: (1) the district court did not make an express materiality finding before applying the two-level obstruction/perjury enhancement; and (2) Castro-Ponce holds “that an express finding is required.” Id. at 822. This was plainly erroneous. I concur in the rest of the majority’s memorandum, but would reverse the sentence and remand to the district court for re-sentencing.