**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ANDREW MILLS,

Defendant - Appellant.

No. 17-30016

D.C. No. 1:16-cr-00031-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 18, 2017[**]

Before:      WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Daniel Andrew Mills challenges the 100-month sentence imposed by the

district court following his jury-trial conviction for unlawful possession of firearms

in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C.

§ 1291, and we vacate and remand for resentencing.

---

[*]      This disposition is not appropriate for publication and is not recedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mills contends that the district court erred in imposing an obstruction of justice enhancement under U.S.S.G. § 3C1.1 without an explicit finding of willful intent. Because Mills did not object to the enhancement on this basis in the district court, we review for plain error. *See United States v. Herrera-Rivera*, 832 F.3d 1166, 1172 (9th Cir. 2016).

To impose an obstruction of justice enhancement based on perjury, the district court must make explicit findings that: "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) (internal quotations omitted). The district court plainly erred in applying the enhancement because it failed to make a finding of willful intent. *See Herrera-Rivera*, 832 F.3d at 1175. Contrary to Mills's suggestion, it is the district court's role to determine the facts relevant to the enhancement. *See Castro-Ponce*, 770 F.3d at 822. Thus, we vacate Mills's sentence and remand for the district court to make the requisite factual findings and determine whether the enhancement should be reimposed.

In light of this disposition, we do not reach Mills's claim that his sentence is substantively unreasonable.

**VACATED** and **REMANDED** for resentencing**.**