**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10153 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00278-EMC-1 |
| v. | |
| JAMES MURRAY, AKA Jim Murray, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before: McKEOWN, W. FLETCHER, and BYBEE, Circuit Judges.

Defendant-Appellant James Murray was convicted of sixteen counts of wire

fraud, four counts of money laundering, two counts of aggravated identity theft,

and one count of contempt of court. Murray was sentenced to 180 months in

prison, three years of supervised release subject to various conditions, and $3.4

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

million in restitution payments. Murray raises numerous issues on appeal. He challenges the legal sufficiency of one of his convictions, the calculation of his criminal history category, the imposition of two different sentencing enhancements, two purported errors in the court's calculation of the amount of loss, two purported errors in the court's order of restitution, and the legality of two of the special conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate Murray's conviction for aggravated identity theft in Count 21, but affirm the district court on all other issues.

First, Murray challenges the legal sufficiency of his conviction for aggravated identity theft in Count 21. We review de novo a district court's determination that there is sufficient evidence to support a jury's verdict. *United States v. Aldana*, 878 F.3d 877, 880 (9th Cir. 2017). A conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1) requires that the fraudulent use of another person's identification occur "during and in relation to" certain predicate felonies. In Murray's case, there was insufficient evidence that Murray's use of his ex-wife's identification occurred "during and in relation to" the four wire fraud convictions charged as predicate felonies. We thus vacate Murray's conviction for aggravated identify theft in Count 21.

Second, Murray challenges the district court's imposition of an obstruction of justice enhancement under United States Sentencing Guidelines (USSG) § 3C1.1. We review the district court's factual findings for purposes of an obstruction of justice enhancement for clear error. *United States v. Castro-Ponce*, 770 F.3d 819, 821–22 (9th Cir. 2014). We review de novo "the district court's characterization of a defendant's conduct as obstruction of justice within the meaning of [USSG] § 3C1.1." *Id.* at 822. The obstruction of justice enhancement should be imposed if the defendant is "convicted of a separate count for" obstructive conduct. USSG § 3C1.1 cmt. n.5. Less than two weeks after being released on bail following his second arrest, Murray snuck into a conference room at his lawyer's firm and used a firm computer to access the Internet, smuggled a tablet into the conference room and hid it in the ceiling, and again attempted to contact his international finance contacts. As a result of these activities in violation of his second bond, Murray was indicted and ultimately convicted of a separate count of contempt of court. The imposition of the obstruction of justice enhancement was not in error.

Third, Murray challenges the district court's imposition of a two-level enhancement for use of a special skill under USSG § 3B1.3. We review the district court's interpretation of the Sentencing Guidelines de novo and its "application of

3

the Sentencing Guidelines to the facts of a given case . . . for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir.) (en banc), *cert. denied*, 138 S. Ct. 229 (2017). Murray held a Series 7 license and had years of experience in the financial industry. These "special skills" "significantly facilitated the commission" of his underlying offenses, USSG § 3B1.3 cmt. n.2, because they assisted his creation of the fund and solicitation of investments. It was not an abuse of discretion to impose the special skill enhancement.

Fourth, Murray claims that the district court should not have included his 1998 misdemeanor conviction in the calculation of his criminal history category. We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir. 2006). A court cannot include in the defendant's criminal history a prior sentence of less than thirteen months that was imposed more than ten years before the commencement of the instant crime. USSG § 4A1.2(e). Because Murray made a specific factual objection to the PSR's determination of the date on which his wire fraud violations commenced, the district court was obligated by Fed. R. Crim. P. 32 to rule on the dispute. Nevertheless, any error that may have occurred in the district court's factual determination, or lack thereof, was harmless because the district court ultimately

used the correct criminal history category to determine Murray's sentence. *See United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009) (holding that a potential error resulting in the same criminal history category, and thus the same Sentencing Guidelines range, was harmless).

Fifth, Murray claims that the district court erred in refusing to offset the total loss calculation by the amount of assets seized by the government. In *United States v. West Coast Aluminum Heat Treating Co.*, 265 F.3d 986, 992 (9th Cir. 2001), we held "that the victim's loss should be offset by the victim's benefit." In *United States v. Bright*, 353 F.3d 1114, 1119 (9th Cir. 2004), however, we refused to offset losses where the government seized money from the defendant's home and company bank account. Here, the district court explained that "[t]here was no real security interest" in the MNT fund because investors did not receive "something sort of quid pro quo . . . for instance, stock." Instead, the court commented that "Mr. Murray had complete control over the assets" and "refuse[d] any kind of payment or redemption when many of the shareholders or investors asked for it." Regardless of whether this was a question of fact or a mixed question of law and fact, we find no error in the district court's conclusion that the victims lacked a security interest in these funds.

Sixth, Murray contends that the district court erred by including loss attributable to Moneris Solutions (Moneris) in the calculation of total loss. Any error that may have occurred here was harmless.[1] The district court calculated the total loss as approximately $3.4 million. Subtracting the $279,785.37 of losses sustained by Moneris from this total loss would result in an adjusted loss of approximately $3.1 million. Under USSG § 2B1.1(b)(1)(I), both a $3.4 million total loss and a $3.1 million total loss result in the same 16-level enhancement.

Seventh, Murray claims that the district court erred by awarding victim restitution to Lisa Brigulio and Karyn McKay. "We review de novo the legality of a restitution order." *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010) (quoting *United States v. Peterson*, 538 F.3d 1064, 1074 (9th Cir. 2008)). "We review the district court's underlying factual findings for clear error." *Id.* "[W]hen the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, . . . the restitution order [may] include *acts of related conduct for which the defendant was not convicted.*" *United States v. Brock-Davis*, 504 F.3d 991, 999 (9th Cir. 2007) (alterations in original) (citation omitted). It was not error, therefore, for the court to allow restitution for

---

[1] The government argues that Murray's objection to the inclusion of Moneris' losses was waived before the district court. Because we find that any potential error was harmless, we decline to reach the issue of waiver.

6

victims whose losses resulted from misrepresentations not charged directly in the indictment. Whether or not Brigulio and McKay relied on the misrepresentations they allegedly heard is a factual question for which the trial court receives deference. The disputes Murray raises do not rise to the level of "clear error."

Finally, Murray challenges the district court's imposition of special conditions of supervised release Nos. 8 and 10. We review de novo whether a condition of supervised release exceeds a permissible statutory penalty or violates the Constitution. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Under 18 U.S.C. § 3583(d), a sentencing court may order conditions of supervised release that (1) are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, the need to adequately deter criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed services; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve these purposes; and (3) are consistent with any pertinent Sentencing Commission policy statements. Here, both conditions are reasonably related to the nature of the offense and the need to protect victims from further fraud. Moreover, both conditions involve no greater deprivation of liberty than is reasonably necessary. Condition No. 8 does not prohibit Murray from interacting with anyone beyond a limited class of former

7

victims, and condition No. 10 only prohibits Murray from using the Internet to access information about investments, trading, and financial advice. Under the circumstances here, these conditions do not materially infringe any especially important liberty interests that would trigger additional procedural safeguards.

Accordingly, Murray's conviction for aggravated identity theft in Count 21 is **VACATED** and this case is **REMANDED** to the district court for resentencing. The district court is **AFFIRMED** on all other issues.