**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30144 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:16-cr-00076-SLG-1 |
| SHANE DENALI PETERSON, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 10, 2019
Anchorage Old Federal Building, Alaska

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Shane Peterson appeals his conviction and sentence after a jury found him guilty of violating 18 U.S.C. § 922(g)(1), which prohibits a person convicted of a felony from possessing a firearm. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts of the case, we recite them only as necessary.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Peterson challenges three actions of the district court. First, he argues that the district court abused its discretion by denying his motion for a mistrial based on the admission of unduly prejudicial information. Second, he argues that the district court should have sua sponte conducted a limited hearing into juror bias or misconduct. Third, he argues that the district court miscalculated his Sentencing Guidelines range by erroneously applying the obstruction of justice enhancement.

## I. Mistrial Motion

Peterson moved for a mistrial because several government witnesses referenced the fact that he was taken into state custody on unrelated charges before officers found the firearm that gave rise to the present charges.

Federal Rule of Evidence 404(b) generally prohibits admission of "[e]vidence of other crimes, wrongs, or acts" than the charged offense. However, other-acts evidence is not subject to Rule 404(b) if it is "inextricably intertwined" with the charged offense. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). Evidence can be "inextricably intertwined" if it "was necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the [charged] crime." *Id.* at 1012–13.

The district court did not abuse its discretion in denying a mistrial after determining that the custody evidence was necessary to explain the events leading

2

up to the discovery of the rifle and ammunition in Peterson's car.  The district court could find "sufficient contextual . . . connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)."  *See id.* at 1013.

In any event, the custody evidence was indistinct and its introduction was therefore harmless.  The evidence did not identify Peterson as the suspect in the burglary investigation, there was no testimony as to why Peterson was taken into custody, there was strong evidence of guilt, and the judge gave a jury instruction admonishing that "You're here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment."

## II. Juror Bias or Misconduct

A trial court has "broad discretion" to "respon[d] to allegations of juror bias or misconduct," including "discretion to determine whether and when to hold an evidentiary hearing on such allegations."  *United States v. Hendrix*, 549 F.2d 1225, 1227 (9th Cir. 1977).

Here, the juror in question had volunteered at voir dire that she was "good friends" with an Assistant U.S. Attorney, who was not involved in the prosecution of this case.  At that time, defense counsel did not request further questioning and

did not move to strike the juror, either for cause or using one of several remaining peremptories. The government informed the court on the final day of trial that the juror had spoken on the phone with the AUSA's spouse regarding an emergency need for childcare because of a snowstorm. Defense counsel objected but again did not request further questioning. Under these circumstances, the district court did not abuse its discretion by finding no grounds to strike the juror for cause, even without sua sponte inquiring further into the juror's conversation.

Peterson's reliance on *Remmer v. United States*, 347 U.S. 227 (1954), is misplaced. Unlike the defendant in *Remmer*, Peterson was aware of the potential misconduct during trial and yet did not request a hearing. *Id.* at 228. In addition, unlike in *Remmer*, the juror's outside communication in this case was not contact that "is bound to impress the juror and is very apt to do so unduly." *Id.* at 230.

### III. Obstruction of Justice Enhancement

A defendant's total offense level under the United States Sentencing Guidelines may be increased by two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." U.S.S.G. § 3C1.1. "[C]ommitting . . . perjury," "unlawfully influencing a . . . witness," and "suborning . . . perjury" all constitute obstruction of justice. *Id.* cmt.

4

4(A), (B). The district court found that Peterson both committed perjury himself and suborned perjury by influencing his girlfriend to testify falsely under oath.

Peterson argues we must remand because the district court did not identify the materiality of Peterson's perjured testimony. As to Peterson's own testimony, we agree that the district court erred. *See United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) ("To enhance a guidelines sentencing range, . . . a district court must make explicit findings that not only did the defendant give false testimony, but also that the falsehoods were willful and material to the criminal charges."). However, we affirm the district court on its alternative ground that Peterson unlawfully influenced a witness and suborned perjury.

The strict requirement that a district court make an explicit finding of materiality as to a defendant's own perjury was adopted in part out of a concern about "punishing a defendant for exercising her constitutional right to testify." *United States v. Jimenez*, 300 F.3d 1166, 1171 (9th Cir. 2002); *see also Castro-Ponce*, 770 F.3d at 823 (noting that, as to a defendant's perjury, "a more forgiving standard . . . could have the unintended consequence of chilling a criminal defendant's willingness to take the stand and give testimony in his or her defense"). This concern is not present where the obstruction enhancement is based on suborning perjury of another witness.

We review for clear error the district court's factual finding that Peterson influenced his girlfriend to give false testimony. *See United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008). The district court did not clearly err in so finding. The recorded jail calls, in combination with the trial testimony, provide adequate grounds for the district court's determination.

**AFFIRMED.**