**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10451 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00707-SOM-1 |
| v. | |
| DOUGLAS FARRAR, Sr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted December 11, 2019**

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Douglas Farrar, Sr., appeals from the district court's judgment and

challenges the 324-month sentence imposed following his jury-trial conviction for

conspiracy to distribute and possess with the intent to distribute methamphetamine

and cocaine, distribution of methamphetamine, and attempting to possess with

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

intent to distribute methamphetamine and cocaine, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841, 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Farrar contends that the district court procedurally erred by failing to make express findings regarding the willfulness and materiality of his suppression hearing testimony when it imposed a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. When a district court relies on perjured testimony to enhance a defendant's guideline range under U.S.S.G. §3C1.1, it must make express findings that the defendant willfully gave false testimony on a material matter. *See United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). Here, the district court made express findings concerning falsity and willfulness during the sentencing hearing and expressly adopted as its factual findings the presentence report, which addressed all of the required elements. Moreover, the district court's order denying Farrar's suppression motion made clear how Farrar's testimony was material to the determination whether to suppress the evidence. Under these circumstances, the district court did not plainly err. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Farrar also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of

the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Farrar's criminal history and the nature of the offense. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

    **AFFIRMED.**