**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30036 |
| Plaintiff-Appellee, | D.C. No. 4:16-CR-00005-RRB |
| v. | |
| ERIC WHITEBREAD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Senior District Judge, Presiding

Submitted June 3, 2020**
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

Eric Whitebread challenges his conviction for distribution of child

pornography, a two-level sentencing enhancement for obstruction of justice, and a

five-level enhancement for a pattern of sexual abuse of a minor. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Whitebread's conviction for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

distribution of child pornography and the application of the five-level sentencing enhancement for a pattern of sexual abuse of a minor. We vacate the two-level enhancement for obstruction of justice and remand for the district court to consider whether the record supports the requisite factual findings. Because the parties are familiar with the facts, we do not recount them here except as necessary to resolve the issues on appeal.

1. The government presented sufficient evidence for a rational fact-finder to infer that Whitebread knew Vuze was a file-sharing program that allowed others to upload files from his shared folder. Evidence is sufficient to support a conviction for distribution of child pornography where it "shows that the defendant maintained child pornography in a shared folder, knew that doing so would allow others to download it, and another person actually downloaded it." *United States v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012); *see also United States v. McElmurry*, 776 F.3d 1061, 1065 (9th Cir. 2015). Evidence of a defendant's "technical knowledge and familiarity" with file-sharing software can be sufficient to establish the defendant "knowingly" distributed child pornography under 18 U.S.C. § 2252(a)(2). *Budziak*, 697 F.3d at 1109–10.

The investigating agent testified that Vuze's basic interface made plain in at least four different tabs that file-sharing was taking place, including one with downloads and uploads graphically represented as arrows directed to or from the

2

user.  Files downloaded through Vuze immediately went into the Vuze Downloads folder on Whitebread's computer, the shared folder that made the files available for upload to any peer on the network.  There were even several downloads and uploads in progress at the time Whitebread's Macbook was seized.

Additionally, Whitebread had several customized settings indicating his "technical knowledge and familiarity" with Vuze's functionality.  *Id.* at 1110.  The government presented evidence that Vuze required users to agree to terms of service that explained Vuze automatically shares files with peers on the network.  Vuze had been configured as a separate icon on Whitebread's Macbook application dock, it was set to start automatically once someone logged into the "Holeski" user account, and the Macbook was configured not to go into sleep mode while Vuze downloads were in progress.  The "advanced" user option was selected in the Vuze preferences, and a number of customized settings were enabled, including specific subscriptions for child pornography.  This evidence was sufficient to support Whitebread's conviction for knowing distribution of child pornography pursuant to 18 U.S.C. § 2252(a)(2).

2.  The district court erred by not making factual findings to support the two-level enhancement for obstruction of justice, relying instead on the jury's verdict to conclude that Whitebread perjured himself at trial.  A district court may not rely on the jury's verdict alone to support the obstruction enhancement, *United States v.*

3

*Alvarado-Guizar*, 361 F.3d 597, 603 (9th Cir. 2004); the district court must find that a defendant's testimony was false, material, and willful, *see United States v. Dunnigan*, 507 U.S. 87, 96–97 (1993). Express findings on all three prongs are necessary for perjury to amount to obstruction of justice. *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014).

Here, the district court announced only that "[t]he jury did conclude the defendant was lying in his description of events, thus justifying the obstruction of justice enhancement for another two [levels]." The government contends that the district court did not err because it expressly adopted the findings in the Presentence Investigation Report (PSR). But the language and reasoning in *Castro-Ponce* indicates the court's unique concern with the seriousness of an obstruction charge, and "the unintended consequence of chilling a criminal defendant's willingness to take the stand and give testimony in his or her defense." *Id.* at 823. Because *Castro-Ponce* expressly "decline[d] to adopt a more forgiving standard," *id.*, a district court may not adopt the findings of the PSR in lieu of making explicit factual findings on the elements of perjury for the obstruction of justice enhancement. *See United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016). Because the district court did not make explicit findings that Whitebread's statements were false, material, and willful, we vacate the enhancement and remand for resentencing.

3. The district court did not err when it relied on the findings in the PSR to apply the five-level enhancement on the basis of two separate incidents of sexual abuse of a minor. The Federal Rules of Evidence do not apply at sentencing and the information a district court may consider is "largely unlimited" in scope, including hearsay evidence and uncorroborated statements. *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) (quoting *Nichols v. United States*, 511 U.S. 738, 747 (1994)). For the purpose of U.S.S.G. § 2G2.2(b)(5), this may also include evidence of sexual abuse that may be decades old. *See United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007).

Whitebread concedes that clear and convincing evidence supported the findings in the PSR regarding the 2011 conduct. Notably, according to the PSR, that conduct alone comprised multiple incidents, which would be sufficient to meet the requirements of § 2G2.2. *See* U.S.S.G. § 2G2.2, cmt. n.1.

The PSR contained sufficient indicia of reliability in its description of Whitebread's relationship with a 15-year-old girl to establish it was one of at least two incidents of sexual abuse of a minor. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998). Whitebread's ex-wife's statements regarding the relationship were partially corroborated: during the investigation for the 2011 sexual abuse allegation, Whitebread's ex-wife produced copies of three letters the girl had written to Whitebread during their relationship, and she told investigators

5

that this relationship and Whitebread's self-admitted attraction to teenage girls were part of the reason for their divorce. This evidence falls within the "wide net" that permits a district court to consider "any conceivable history of sexual abuse" when applying the enhancement under § 2G2.2(b)(5). *Garner*, 490 F.3d at 743.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED FOR RESENTENCING.**