NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10453 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00195-JAM-1 |
| v. | |
| GUSTAVO ARAUJO LERMA, AKA Fnu Lnu, AKA Hiram Enrique Velez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 9, 2020**
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Gustavo Araujo Lerma[1] appeals from the district court's judgment and sentence following a trial in which the jury convicted him of one count of aggravated identity theft pursuant to 18 U.S.C. § 1028A, one count of passport fraud in violation of 18 U.S.C. § 1542, and five counts of illegal voting by an alien in violation of 18 U.S.C. § 611. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lerma first contends that this Court should reverse his aggravated identity theft conviction because the district court erred in refusing to instruct the jury that a common-law name change is a defense to aggravated identity theft. We review de novo whether a jury instruction correctly states the applicable law. *United States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014). A defendant "is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable," *United States v. Washington*, 819 F.2d 221, 225 (9th Cir. 1987), but "is not entitled to an instruction that misstates the law," *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005).

Here, the district court properly determined that a common-law name change is not a defense to aggravated identity theft under 18 U.S.C. § 1028A. Although

---

[1] We recognize that Appellant maintains that his name is not Gustavo Araujo Lerma but we refer to him as "Lerma" here pursuant to the convention in his Opening Brief.

Lerma asserts that other Circuits have recognized that a common-law name change can be a defense to passport fraud,[2] Lerma cites no case establishing that this defense similarly applies in the context of aggravated identity theft. Voter fraud does not require the government to prove the defendant used a name other than his own: "Whoever knowingly makes any false statement or claim that he is a citizen of the United States in order to register to vote or to vote in any Federal, State, or local election (including an initiative, recall, or referendum)" violates 18 U.S.C. § 1015(f). For this reason, the common-law name change defense Lerma requested would not have negated an element of the charged offense. Therefore, the district court did not err in refusing to instruct the jury that a common-law name change is a defense to aggravated identity theft.

Second, Lerma argues that the district court erred in imposing a two-level sentencing enhancement to his passport fraud charge for obstruction of justice because any false testimony he gave regarding his citizenship was not material to the passport fraud charge. He further contends that such testimony did not obstruct justice because it was implausible and could not have misled the jury. We review a district court's "characterization of a defendant's conduct as obstruction of justice within the meaning of [Sentencing Guidelines] § 3C1.1" de novo. *United*

---

[2] *See United States v. Mount*, 757 F.2d 1315, 1318–20 (D.C. Cir. 1985); *United States v. Wasman*, 641 F.2d 326, 327, 329 (5th Cir. Unit B Apr. 1981); *United States v. Cox*, 593 F.2d 46, 48–49 (6th Cir. 1979).

3

*States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). However, we review the district court's underlying factual findings for clear error. *Id.* at 821. For a district court to impose an obstruction-of-justice enhancement under § 3C1.1, the court must specifically find that the defendant provided (1) false testimony (2) "on a material matter" (3) with "willful intent" to provide false testimony. *Id.* at 822 (quoting *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008)). Although the findings must be specific, the district court's brief statement incorporating the government's reasoning as to these three elements sufficed. *United States v. Shannon*, 137 F.3d 1112, 1119 (9th Cir. 1998), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc).

At the sentencing hearing, the district court formally adopted the government's contentions that Lerma gave false testimony on a material matter with willful intent. Accordingly, the district court made the specific findings necessary to support an obstruction-of-justice enhancement. *See id.* Lerma's contention that his purportedly false testimony could not have influenced the jury is inapposite because implausible perjured testimony can still support an obstruction-of-justice finding. *See United States v. Johnson*, 812 F.3d 757, 762 (9th Cir. 2016) (explaining that "perjury does not have to actually impede a prosecution or trial" to constitute obstruction of justice); *United States v. Barbosa*, 906 F.2d 1366, 1369–70 (9th Cir. 1990) (affirming upward adjustment for

4

obstruction even though the trial court found that the defendant's testimony "was pure fantasy"). The district court therefore did not err in imposing a two-level sentence enhancement for obstruction of justice on Lerma's passport fraud charge.

**AFFIRMED.**