**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30273 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 4:17-cr-00042-BMM-1 |
| | 4:17-cr-00042-BMM |
| JOHN KEVIN MOORE, AKA Kevin Moore, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted August 19, 2021**
San Francisco, California

Before:  McKEOWN and PAEZ, Circuit Judges, and HUCK,*** District Judge.

On a prior appeal, among other things, we affirmed the district court's

application of a sentencing enhancement for obstruction, reversed the district

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

court's application of a sentencing enhancement for abuse of trust, and remanded for resentencing. The district court imposed a new sentence after remand, and John Kevin Moore again appeals the district court's application of a sentencing enhancement for obstruction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court previously found that Moore falsely testified, that his false statement was willful, and that it was material. *See United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) ("For perjury to be deemed obstruction, the district court must find that: (1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." (internal quotation marks omitted)). We affirmed.

On remand, the district court properly declined to reconsider the U.S.S.G. § 3C1.1 obstruction enhancement based on the law of the case doctrine. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) ("Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case."). Moore contends that at trial he did not make the false statement, such that our opinion was clearly erroneous and supports an exception to the law of the case doctrine. *See id.* ("We have recognized exceptions to the law of the case doctrine . . . where (1) the decision is clearly erroneous and its enforcement would

2

work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." (internal quotation marks omitted)). We disagree. We previously concluded that the record supported the enhancement, and no exception to the law of the case doctrine is applicable.

**AFFIRMED.**