NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10198 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:11-cr-00210-JAM-3 |
| | 2:11-cr-00210-JAM |
| AARON NEW, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 24, 2023[**]
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Following our remand for resentencing, Aaron New appeals the district court's re-imposition of a two-level sentencing enhancement for obstruction of justice based on New committing perjury during his criminal trial involving a mortgage fraud scheme.  We have jurisdiction under 28 U.S.C. § 1291.  We "review

_____

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a district court's factual findings for purposes of an obstruction of justice sentence enhancement for clear error." *United States v. Herrera-Rivera*, 832 F.3d 1166, 1172 (9th Cir. 2016). We affirm.

A two-level enhancement may be imposed when a "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. For perjury to be deemed obstruction, the district court must find that: "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) (quoting *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008)). "Although it is 'preferable' for the court to make a separate and clear finding for each element of the alleged perjury, doing so is unnecessary where the court makes a determination of an obstruction of justice 'that encompasses all of the factual predicates for a finding of perjury.'" *United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010) (quoting *United States v. Dunnigan*, 507 U.S. 87, 95 (1993)). In this case, between the court's express finding that New willfully gave false testimony on material matters and its adoption of the examples in the government's sentencing memorandum, the district court sufficiently articulated its findings.

In addition, the record supports the district court's determination that New

willfully gave false testimony on material matters. That New lied about his lack of knowledge regarding fraudulent loan applications is supported by the fact that numerous fraudulent applications were submitted under his name. New was responsible for verifying the accuracy of the loan applications for which he was the loan officer. And a witness testified that New often personally dropped off the loan files to the escrow company. But when the FBI showed New some of the fraudulent loan applications he had signed, he did not claim—as he later would—that his signatures had been forged, nor did he express any surprise as to their contents.

The record also supports the district court's determination that New made false statements regarding his knowledge of shell companies integral to the fraudulent scheme. At trial, New testified that he did not know that Ardis Construction, Markevich Home Improvement, and Brazil, Inc., were shell companies created to launder funds. But the government demonstrated that New had extensive knowledge that these were shell entities used to perpetuate a fraud. The record further supports that New falsely testified regarding his knowledge of fraudulent liens placed on properties for which he was the mortgage broker, his intent to occupy a property for which he had obtained a mortgage, and the length of his employment, which was relevant to whether his loan application was fraudulent.

In sum, the district court did not clearly err as it based the two-level obstruction of justice enhancement on sufficient evidence.

**AFFIRMED.**