**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>LUKE JOHN SCOTT Sr.,<br><br>Defendant - Appellant. | No. 24-733<br><br>D.C. No.<br>4:19-cr-00030-BMM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted December 6, 2024[**]
San Francisco, California

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

On resentencing, the district court sentenced Defendant-Appellant Luke John

Scott, Sr., to a total of 133 months in prison for aggravated sexual abuse and assault

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by striking, beating, or wounding.[1]  Scott challenges the district court's imposition of a two-level sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm.  We review the "district court's characterization of a defendant's conduct as obstruction of justice within the meaning of § 3C1.1 . . . *de novo.*"  *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014).  We review the district court's underlying factual findings for clear error.  *Id.* at 821.

Under § 3C1.1, a court may impose an obstruction of justice enhancement based on perjury.  U.S.S.G. § 3C1.1 cmt. n.4(B).  In doing so, the court must expressly find that "1) defendant gave false testimony; 2) the testimony was on a material matter; and 3) defendant had 'willful intent' to provide false testimony."  *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)); *see also Castro-Ponce*, 770 F.3d at 822 (requiring "express findings on all three prongs necessary for perjury to amount to obstruction of justice").  The district court explicitly found that Scott willfully gave false testimony on a material matter.[2]

---

[1] This term was consecutive to an 87-month term imposed in the companion case, which was not appealed.  The total sentence was 220 months.  Scott's original total sentence was 245 months.

[2] We reject Scott's argument that the district court's analysis was unclear.  The resentencing transcript clearly shows that the district court imposed the enhancement

24-733

During his trial, Scott testified that he never had sex with the victim. That testimony expressly contradicted certain of Scott's prior statements. When arrested, Scott first denied having sex with the victim. But when told that the victim would undergo a "sexual assault exam," Scott told the arresting officer that he did have sex with the victim. Scott also provided a written statement, in which he stated that he had consensual sex with the victim. Several days after his arrest, Scott repeatedly told investigators that he did have consensual sex with the victim and described in detail their sexual encounter.

At trial, Scott testified that he had lied about having sex with the victim to prompt the FBI to give him a polygraph test. Scott argues that this explanation, along with DNA lab reports that fail to implicate him (which he provided during resentencing), show that his testimony that he never had sex with the victim was not willfully false.

The district court did not clearly err in finding that Scott willfully gave false testimony on a material matter. Given Scott's repeated prior statements that he did have sex with the victim, the district court reasonably found that Scott's testimony

based on perjury after finding that Scott willfully gave false testimony on a material matter.

The district court determined that the enhancement was also appropriate because Scott significantly obstructed an official investigation by providing materially false statements to law enforcement. *See* U.S.S.G. § 3C1.1 cmt. n.4(G). We need not and do not consider whether this additional basis supporting the enhancement was proper.

that he never had sex with the victim was willfully false. *See United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008) (affirming a district court's obstruction of justice finding based on perjury when defendant's testimony "expressly contradicted" his prior statements). The district court was not required to accept Scott's explanation that his prior statements were false. And the district court could properly give no or minimal weight to the lab reports, as their probative value regarding whether Scott had sex with the victim was significantly undermined by Scott's prior repeated statements that he did have sex with the victim.[3]

**AFFIRMED.**

---

[3] There was no argument or claim that the lab reports implicated someone other than Scott or necessarily ruled him out as the perpetrator, as no semen was detected in the vaginal and rectal swabs from the victim and thus "no comparisons were made to Scott."