NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50175 |
| Plaintiff-Appellee, | |
| v. | D.C. No.<br>3:21-cr-02911-GPC-1 |
| RENE ROBERT RUIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted October 18, 2023[**]
Pasadena, California

Before: TASHIMA and H.A. THOMAS, Circuit Judges, and RAKOFF,[***] District
Judge.

Rene Robert Ruiz appeals his conviction and sentence for assault on a

federal officer inflicting bodily injury in violation of 18 US.C. § 111(a)(1), (b). We

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. We affirm Ruiz's conviction, but vacate his sentence, and remand to the district court for resentencing.

Because Ruiz failed to preserve either of the challenges he raises on appeal, we review for plain error. Fed R. Crim. P. 52(b); *United States v. Baker*, 58 F.4th 1109, 1124 (9th Cir. 2023); *United States v. Herrera-Rivera*, 832 F.3d 1166, 1172 (9th Cir. 2016). Plain error review permits reversal only if the defendant establishes four elements: 1) "there must be an error;" 2) "the error must be plain;" 3) "the error must affect substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different;" and 4) the error must have "had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021) (internal quotation marks omitted).

1. Ruiz argues that the district court plainly erred by allowing a government witness to testify that Ruiz threatened border patrol officers as they subdued him just after the charged assault. Ruiz argues that this testimony constituted inadmissible evidence of an "other . . . act" introduced to "prove [his] character." Fed. R. Evid. 404(b)(1). But "evidence should not be considered . . . 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016) (some internal

quotation marks omitted). Accordingly, Rule 404(b) does not exclude evidence of an act that is "a part of the transaction that serves as the basis for the criminal charge," or that is "necessary . . . to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1178 (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995)).

The testimony regarding Ruiz's threats satisfies each of these tests. Ruiz began making threats seconds after striking an officer, and continued making them moments later while being escorted to the security office. This testimony helped show that Ruiz intended to strike the officer—an issue that Ruiz strongly contested at trial. The testimony was therefore "necessary to put [the defendant's] illegal conduct into context and to rebut his claims of self-defense." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992). Nor was the testimony unduly prejudicial. *See* Fed. R. Evid. 403. The probative value of Ruiz's threats, which showed his violent intent during the assault, was not substantially outweighed by the risk that the jury might have drawn negative inferences about Ruiz's character. The district court accordingly did not err, plainly or otherwise, in admitting the testimony. We therefore affirm Ruiz's conviction.

2. Ruiz argues that the district court plainly erred in imposing a sentencing enhancement for obstruction of justice based on Ruiz's trial testimony without expressly finding on the record that the testimony was willfully false and material

to the case. The government concedes that the district court erred in failing to make these findings, and that the error was plain given this court's precedents requiring the findings. *See United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). But the government nevertheless argues that Ruiz has not satisfied the third and fourth prongs of plain error review, because the error did not affect Ruiz's sentence.

The government first argues that the record demonstrates perjury so clearly that the district court's failure to expressly find the elements of perjury was harmless. But a clear record does not relieve the district court of the requirement to make the relevant factual findings expressly. "To hold otherwise would eviscerate the rule" requiring such findings. *Id.* The government also argues that the district court, in the alternative, imposed the obstruction enhancement on the basis that Ruiz malingered in his testimony before the jury by pretending to be too feeble to intentionally strike the officer. It is true that the district court alluded to Ruiz's potential malingering in its explanation of its sentencing enhancement. The district court did not, however, clearly find that Ruiz malingered or state that it imposed the enhancement on that basis. Because any malingering, moreover, took place through Ruiz's testimony regarding the extent of his injuries, the imposition of an enhancement for obstruction of justice on that basis would still require an express finding that the testimony was material and willfully false. *Id.*

4

Finally, the government argues that Ruiz would have received the same sentence even without the obstruction enhancement. It points out that the district court calculated the range recommended by the U.S. Sentencing Guidelines with and without the enhancement, and then imposed a sentence below both ranges. But we have already held that the imposition of an obstruction enhancement on the basis of perjury, without express findings supporting that enhancement, constitutes reversible plain error even when the sentence imposed falls below the range the Sentencing Guidelines would have recommended absent the enhancement. *Herrera-Rivera*, 832 F.3d at 1175.

The government also emphasizes that the district court imposed a 68-month sentence of imprisonment primarily based on its perception of the seriousness of Ruiz's offense, rather than any particular mitigating factors. But this does not show that the district court would have imposed the same sentence with or without the enhancement. In every case, a district judge must first "consider the Guidelines sentencing range," but then ultimately "impose [a] sentence[] that reflect[s] the seriousness of the offense," among other factors. *United States v. Booker*, 543 U.S. 220, 259–60 (2005) (citing 18 U.S.C. § 3553(a)) (internal quotation marks omitted). Yet Guidelines errors are sometimes plain, as was the error here. *See Herrera-Rivera*, 832 F.3d at 1175. We therefore vacate Ruiz's sentence, and "remand for the district court to make express findings as to the willfulness and

5

materiality of [Ruiz's] trial testimony . . . in order to determine whether the obstruction enhancement applies, and to resentence accordingly." *United States v. Johnson*, 812 F.3d 757, 764–65 (9th Cir. 2016).

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**[1]

---

[1] The parties shall bear their own costs on appeal.